## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IPC International Corporation, | ) Case No. 13-12050 (MFW) |
| | ) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| | ) |
| The Security Network Holdings Corporation, | ) Case No. 13-12051 (MFW) |
| | ) |
| Debtor. | ) |

## DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned counsel, hereby move this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only (the "Motion"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Scott M. Strong, Chief Financial Officer of IPC International Corporation, in Support of Chapter 11 Petitions and First Day Pleadings* (the "Strong Declaration") filed with the Court concurrently herewith. In further support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and rule-based predicates for the relief requested herein are section 105(a) of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (each, a "Local Rule," and collectively, the "Local Rules").

## Background

5.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") through the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

## Relief Requested

6.      The Debtors respectfully request that the Court enter an order directing the joint administration of these Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

PAC 1118165v.2

7.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows (including footnote text included at bottom of page):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*[1] | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

8.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

9.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of the chapter 11 case of The Security Network Holdings Corporation to reflect the joint administration of these Chapter 11 Cases:

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of IPC International Corporation (Case No. 13-12050); and The Security Network Holdings Corporation (Case No. 13-12051). IPC International Corporation has been designated the 'lead' case. Accordingly, the docket in Case No. 13-12050 should be consulted for all matters affecting the chapter 11 case of this debtor."

## Basis for Relief

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).   The Debtors are

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

3

"affiliates" as that term is defined under § 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

11.    Similarly, Local Rule 1015-1 provides that "[a]n order for joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

12.    Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13.    The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, motions, and other pleadings, hearings and orders in these cases will affect each of the Debtors.

14.    Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to: (a) use a single caption on all documents that will be served and filed in the Debtors' Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of

the various matters before the Court in these cases. Joint administration of these Chapter 11 Cases will ease the administrative burden for the Court and all parties in interest.

15.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or interest.

### Notice

16.    Notice of this Motion has been given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) counsel to The PrivateBank and Trust Company, the Debtors' senior secured lender; (c) all known parties with liens of record on assets of the Debtors as of the Petition Date; (d) all financial institutions at which the Debtors maintain deposit accounts; (e) the Internal Revenue Service; (f) the Debtors' 20 largest unsecured creditors (on a consolidated basis); and (g) in accordance with Local Rule 9013-1(m).

WHEREFORE, the Debtors respectfully request for the reasons set forth herein and in the Strong Declaration that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the Chapter 11 Cases and granting such other and further relief as the Court deems just and proper.

Dated: August 9, 2013
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*Etta R. Mayers* (signature)

Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Counsel for the Debtors and Debtors in Possession*

PAC 1118165v.2

**Exhibit A**

[Proposed Order]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Security Network Holdings Corporation, | ) | Case No. 13-12051 (MFW) |
| | ) | |
| | ) | **Re: Docket No. ___** |
| Debtor. | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking an order of this Court directing joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) notice of the Motion and the hearing on the Motion was sufficient under the circumstances; (iv) the relief requested in the Motion is warranted, will ease the administrative burden for the Court and parties in interest in these cases, protects the creditors of the different estates and is in the best interests of the Debtors, their estates, and their creditors; and (v) upon the record herein; and after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein;

---

[1]    Each capitalized term used but not otherwise defined herein has the meaning ascribed to it in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court.

3.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' Chapter 11 Cases.

4.    The caption of the jointly administered cases shall read as follows (footnote included):

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*[1] | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

5.    An entry that reads as follows shall be made on the docket of each case to reflect the joint administration of these Chapter 11 Cases:

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of IPC International Corporation (Case No. 13-12050); and The Security Network Holdings Corporation (Case No. 13-12051). IPC International Corporation has been designated the 'lead' case. Accordingly, the docket in Case No. 13-12050 should be consulted for all matters affecting the chapter 11 case of this debtor."

6.    The terms and conditions of this Order are effective and enforceable immediately upon its entry.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

7.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2013          _____
          Wilmington, Delaware                    Mary F. Walrath
                                                  United States Bankruptcy Judge