IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*[1] | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

### DEBTORS' MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN THIRD-PARTY INDEMNITEE LITIGATION

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), extending the automatic stay to certain litigation against customers for which the Debtors are obligated to provide a defense and indemnification (a schedule of which is attached to the proposed order as Schedule 1, collectively, the "Indemnitee Litigation"). In further support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are 11 U.S.C. §§ 105(a) and 362(a) of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

## Background

3.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") through the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.      The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Strong, Chief Financial Officer of IPC International Corporation, in Support of Chapter 11 Petitions and First Day Pleadings* (the "Strong Declaration") filed on the Petition Date and incorporated herein by reference.

## The Debtors' Indemnification Obligations

5.      By this Motion, the Debtors seek an order extending the automatic stay to certain litigation against the Debtors' customers (collectively, the "Customers") for which the Debtors are obligated to provide a defense and indemnification. The Debtors' typical contracts to provide staffing services in a shopping center require that the Debtors, as security provider, indemnify the mall owner/operator for a wide variety of claims. In many instances, even if the security company is not already named in the suit, it is still required to defend and indemnify the owner/operator. These liabilities have become a significant drain on the Debtors' resources.

6.      There are two types of situations in which Indemnitee Litigation arises: (1) lawsuits against Customers in which the Debtors are named as co-defendants, and (2) lawsuits solely against the Customers, but for which the Debtors are obligated to provide

defense and indemnity. If the stay is not extended to the Indemnitee Litigation, the Debtors will be forced to expend significant resources defending the Indemnitee Litigation in order to limit or eliminate potential claims against the Debtors and preserve the customer relationships.

### Relief Requested

7. The Debtors seek entry of an order substantially in the form of **Exhibit A**, extending the automatic stay to the Indemnitee Litigation listed on Schedule 1 thereto.

### Basis for Relief

8. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a petition under the Bankruptcy Code operates as a stay on a wide range of actions against a debtor and, under appropriate circumstances, non-debtor third parties. Specifically, section 362 of the Bankruptcy Code provides, in pertinent part, that the filing of a petition for relief under the Bankruptcy Code operates to stay:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(1) and (3). The protection of the automatic stay is broad and serves to provide the debtor with a "'breathing spell' from creditors by stopping all collection efforts and foreclosure actions, and permits the debtor to attempt a repayment or reorganization plan." *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 615 (E.D. Pa. 2009) (citing *McCartney v. Integra National Bank North*, 106 F.3d 506, 509 (3d Cir. 1997)). While the automatic stay's protections are limited on their face to actions or proceedings against a debtor, the Third Circuit Court of

3

Appeals has recognized that the stay may be extended to third parties where "unusual circumstances" exist. *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 510.

### a. Unusual Circumstances Warranting Extension of the Stay to the Indemnitee Litigation Exist

9. In the present case, unusual circumstances justifying extension of the automatic stay to the Indemnitee Litigation exist. Two factors courts generally use to determine whether an injunction seeking to expand the protections of the automatic stay to nondebtor parties under § 105(a) is appropriate are: (1) whether the nondebtor and debtor share an identity of interest such that a suit against the nondebtor is essentially a suit against the debtor and (2) whether the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization. *See, e.g., In re Prussia Assoc.*, 322 B.R. 572, 599 (Bankr. E.D. Pa. 2005), citing *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (discussing identity of interest and adverse impact in the context of issuing an injunction). *See also Matter of Rickel Home Ctrs., Inc.*, 199 B.R. 498, 500–01 (Bankr. D. Del. 1996) (discussing the same two factors in the context of extending the automatic stay to lawsuits against nondebtors).

10. Both factors exist in the present case. First, the Debtors and their Customers share an identity of interest with respect to the Indemnitee Litigation by virtue of the Debtors' indemnification obligations. A judgment against a Customer is tantamount to a judgment against the Debtors. Second, given the Debtors and Customers identity of interest, if the Court does not extend the stay, the Debtors will have no choice but to continue to fund the defense of the Customers from assets of the estates, which will result in a material drain on the Debtors' limited resources and jeopardize their ability to successfully run a going concern sale process.

i. **The Debtors and the Non-debtor Defendants in the Indemnitee Litigation Share an Identity of Interest**

11. Courts have found that such "unusual circumstances" arise where there is "[an] identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins v. Piccinin (In re A.H. Robins)*, 788 F.2d 994, 999 (4th Cir. 1986) cert. denied, 479 U.S. 876 (1986); *see also McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 510; *In re W.R. Grace & Co.*, 386 B.R. 17, 31; *In re American Film Techs., Inc.*, 175 B.R. 847, 851 (Bankr. D. Del. 1994). As the *W.R. Grace & Co* noted, quoting the Fourth Circuit's decision in *A.H. Robins*, "'[a]n illustration of [an identity of interest] situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them [*sic*] in the case.'" *In re W.R. Grace & Co.*, 386 B.R. 17, 31 (quoting *In re A.H. Robins*, 788 F.2d 994, 999).

12. This is exactly the situation in which the Debtors find themselves. The Debtors are obligated to defend and indemnify their Customers with respect to the Indemnitee Litigation. "To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." *In re A.H. Robins*, 788 F.2d 994, 999. Likewise, here, extension of the stay is necessary because any liabilities of the Customers with respect to the Indemnitee Litigation are effectively liabilities of the Debtors.

ii. **Continuation of the Indemnitee Litigation Will Disrupt the Debtors' Chapter 11 Sale Process**

13. In addition, circumstances may also be "unusual," and the scope of the automatic stay broadened, where the "stay protection is essential to the debtor's efforts of reorganization." *McCartney*, 106 F.3d at 509. One of the principal goals of the Debtors' chapter 11 filings is to

consummate a sale of the Debtors' business as a going concern to the benefit of the Debtors' stakeholders and its employees. As detailed above, if the stay is not extended to the Indemnitee Litigation, the Debtors will be forced to continue to expend resources of the estates attempting to continue to defend this litigation. This is true even where the Debtors' general liability insurers will provide coverage for defense and indemnification costs. This Court has held that proceeds of a corporate insurance policy, insuring the debtor, its subsidiaries and its officers and directors are, for the purposes of the automatic stay, property of the debtor's estate.[2] In the event that the Indemnitee Litigation is permitted to proceed, the Debtors' estates would be subjected to the risk of depletion of significant assets to the detriment of the estates and other creditors.

### b. The Debtors Are Also Entitled To Injunctive Relief

14.     The Debtors have also established a right to injunctive relief extending the automatic stay to the Indemnitee Litigation. Especially given the early stages of this bankruptcy proceeding, the Debtors should be presumed to have a reasonable likelihood of obtaining a successful reorganization.

15.     Courts have also recognized that section 105(a) provides bankruptcy courts with the power to stay actions against non-debtors. *In re Philadelphia Newspapers*, 407 B.R. 606, 616; *see also In re S.I. Acquisition, Inc.*, 817 F .2d 1142, 1146 n. 3 (5th Cir. 1987) ("We recognize that beyond the automatic stay provisions of section 362 (a)(l) and (3), the Bankruptcy

---

[2] *See PHP Healthcare Corp. v. HIP Foundation, Inc. (In re PHP)*, Adv. No A99-18 (MFW) (Bankr. D. Del. Mar. 31, 1999) (Walrath, J.); *and see AC and S, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006) ("The possession or control language of Section 362(a)(3) has consistently been interpreted to prevent acts that diminish future recoveries from a debtor's insurance policies."); *In re A.H. Robins*, 788 F.2d 994, 1001 ("actions ... against officers or employees of the debtor who may be entitled to indemnification under such [corporate liability insurance] policy or who qualify as additional insureds under the policies are to be stayed under section 362(a)(3)"; *In re Circle K Corp.*, 121 B.R. 257,261 (Bankr. D. Ariz. 1990) (staying securities fraud action against debtor's current and former directors and officers because the insurance policy constituted property of the estate and continuation of litigation could leave other potential claimants with "reduced, little or no coverage"); *Minoco Group of Companies, Ltd. v. First State Underwriters Agency (In re Minoco Group of Companies, Ltd.)*, 799 F .2d 517, 519 (9th Cir. 1986) (same).

court may affirmatively stay proceedings pursuant to its broad discretionary powers embodied in 11 U.S.C. § 105.").

16.  To obtain a preliminary injunction under section 105(a), the party seeking the injunction must show "'(1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief.'" *Id.* at 617 (quoting *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)). "If these two threshold requirements are met, the Court should then consider "'(3) whether an injunction would harm the [Appellants] more than denying relief would harm the [Appellees] and (4) whether granting relief would serve the public interest.'" *Id.*

17.  The Debtors' Chapter 11 Cases have only recently been commenced so it is premature to judge the likelihood that the Debtors will successfully complete a going concern sale process. However, even where reorganization efforts have taken years, courts have found that the debtor showed a likelihood of success in reorganization where the parties are working toward plan confirmation and no party had demonstrated reorganization was unlikely. *W.R.Grace & Co.*, 386 B.R. at 33.

18.  Additionally, enjoining actions against the non-debtors will not harm the other parties to the Indemnitee Litigation because either they will be able to pursue their claims after the conclusion of the bankruptcy proceedings or they will be able to assert their claims against the Debtors in these proceedings.

19.  In contrast, there is a real danger of irreparable harm to the Debtors in the absence of an injunction because the Debtors will be forced to participate in the Indemnitee Litigation and expend resources of the estates on defense costs. If the Debtors choose not to participate in the Indemnitee Litigation matters, they risk prejudicing their position in litigation and perhaps

7

even the entry of default judgments against their customers, which would cause irreparable harm to .

20. Clearly the balance of possible hardship favors the Debtors and would cause only minimal harm to the non-debtor parties to the Indemnitee Litigation – at most a temporary delay in pursuing their claims.

21. Finally, granting the injunction would serve the public interest by enabling the Debtors to continue stabilizing their businesses. In determining whether the public interest element is satisfied, the court must balance the public interest in successful bankruptcy reorganizations with other competing social interests. *Official Comm. of Unsecured Creditors v. Bechtle (In re LaBrum & Doak, LLP)*, 237 B.R. at 307. Here, the ability to implement a successful going concern sale process and preserve the jobs of thousands of employees clearly serves the interests of the Debtors' creditors and those of the employees and vendors of the Debtors.

## Notice

22. Notice of this Motion has been given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) counsel to The PrivateBank and Trust Company, the Debtors' senior secured lender; (c) all known parties with liens of record on assets of the Debtors as of the Petition Date; (d) all financial institutions at which the Debtors maintain deposit accounts; (e) the Internal Revenue Service; (f) the Debtors' 20 largest unsecured creditors (on a consolidated basis); (g) the non-debtor parties to the Indemnitee Litigation, listed on Schedule 1 to the proposed order, and (h) all other parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(m).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein, and (ii) granting the Debtors such other and further relief as may be equitable and just.

Dated: August 9, 2013
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *signature*
Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Counsel for the Debtors and Debtors in Possession*