IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| IPC International Corporation, *et al.*[1] ) | Case No. 13-12050 (MFW) |
| ) | |
| Debtors. ) | Joint Administration Requested |
| ) | |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING
IMPLEMENTATION OF A KEY EMPLOYEE INCENTIVE PROGRAM PURSUANT
TO SECTIONS 105(a), 363(b), 503(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") this Court pursuant to sections 105(a), 363(b), 503(b)(1) and 503(c)(3) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the implementation of a Key Employee Incentive Program (the "KEIP") on the terms and conditions set forth herein. In further support of the Motion, the Debtors respectfully represents as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are sections 105(a), 363(b), 503(b)(1), and 503(c)(3) of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

PAC 1118166v.2

**Background**

5. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") through the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Strong, Chief Financial Officer of IPC International Corporation, in Support of Chapter 11 Petitions and First Day Pleadings* (the "Strong Declaration") filed on the Petition Date and incorporated herein by reference.

**Need for a KEIP**

7. In order to effectuate a successful sale of the Debtors' business, certain key employees (defined below as the KEIP Participants) have been called upon to perform services above and beyond their normal course job requirements. The KEIP Participants have been, and will continue to be, instrumental in preserving the value of the Debtors' assets, maintaining and preserving customer relationships, and maintaining employee morale and focus, all in the extremely difficult environment of a business in chapter 11. The KEIP Participants are also responsible for managing the Debtors' accounts receivable, and human resources, including administering the Debtors' payroll, all of which is essential to preserving the value of the Debtors' business.

8. Under these circumstances, the Debtors believe that it is critical that the KEIP Participants not only be compensated for their extraordinary efforts, but that they be

appropriately motivated to ensure that the value of the Debtors' estates is maximized, regardless of the uncertainties that surrounds their future employment prospects or other outside concerns.

9. To that end, the Debtors, prior to the Petition Date and with the assistance of their advisors, developed a narrowly-tailored and reasonable KEIP, which has been authorized by the Debtors' boards of directors, that provides two different types of awards. First, with respect to the one insider KEIP Participant, Scott M. Strong, the Debtors' Chief Financial Officer (the "CFO"), the KEIP provides an incentive bonus (the "Incentive Award") to Strong only upon consummation of a successful sale of all (or substantially all) of the Debtors' assets to either Universal Protection Service, LLC ("UPS") or a bidder with a higher or otherwise better bid. Second, with respect to the five non-insider KEIP Participants (collectively, the "Non-Insider KEIP Participants"), the KEIP provides monthly incentive awards (the "Monthly Awards") designed to incentivize the retention of key non-insider employees whose efforts will be integral to the successful sale of the Debtors' business.

10. The specific terms of the KEIP are set forth on **Exhibit B** attached hereto and are summarized below.

### Summary Description of the KEIP

11. The following contains a summary of the material terms of the proposed KEIP:

    a. KEIP Participants. Pursuant to the KEIP, the KEIP Participants consist of (i) the CFO, and (ii) the Non-Insider KEIP Participants. The KEIP Participants' best efforts are critical to the success of the sale process.

    b. Incentive Bonuses for Non-Insiders. The Non-Insider KEIP Participants are eligible to receive specified incentive awards at the end of each month. These Monthly Awards shall not be subject to any achievement requirements.

    c. Incentive Bonus for CFO. The CFO is eligible to receive a single incentive bonus payment of $145,000. Payment of this Incentive Award is contingent upon the consummation of a successful sale of all (or substantially all) of the Debtors' assets to either UPS or a bidder with a

higher or otherwise better bid, in either case as contemplated in the non-binding indicative letter from UPS to the Company dated April 24, 2013 (a "Transaction Event"). The CFO has agreed to accept 60% of his Incentive Award upon consummation of the sale of the Debtors' business and the remainder subsequently after post-closing collection of accounts receivable.

    d.    Aggregate Award Amounts. The aggregate amount of awards available under the KEIP are determined as follows:

        (i)    The non-insider KEIP Participants shall be entitled to Monthly Awards totaling $97,000 in the aggregate.

        (ii)    Mr. Strong will be entitled to an incentive award of $145,000 in the event of the occurrence of a Transaction Event.

    e.    Individual Award Amounts. Each KEIP Participant's incentive award is set forth on Schedule A to the KEIP.

    f.    Bankruptcy Court Approval. The effectiveness of the KEIP is expressly conditioned on obtaining Bankruptcy Court approval.

## Relief Requested

12. By this Motion, the Debtors seek entry of an order under sections 105(a), 363(b)(1)(i), and 503(c)(3) of the Bankruptcy Code: (a) approving the KEIP; (b) authorizing the Debtors to implement the KEIP; and (c) allowing all payments thereunder as an administrative expense pursuant to sections 503(b)(1) and 503(c)(3) of the Bankruptcy Code.

## Basis for Relief

**A.    The KEIP is Authorized Under 11 U.S.C. § 363(b).**

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when a sound business purpose justifies such action. *See, e.g., In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991);

*see also In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Quality Beverage Co.*, 181 B.R. 887, 895 (Bankr. S.D. Tex. 1995); *In re San Jacinto Glass Indus.*, 93 B.R. 934, 944 (Bankr. S.D. Tex. 1988).

14. Once a debtor articulates a valid business justification for a particular form of relief, the court reviews the debtor's request under the "business judgment rule." The business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (D. Del. 1985)).[2] The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See id; In re Martin*, 91 F.3d at 395; *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (affirming bankruptcy court approval of key employee retention program, stating that "in determining whether to authorize the use, sale or lease of property of the estate under [section 363(b)], courts require the debtors to show that a sound business purpose justifies such actions").

15. Courts have specifically found that a debtor's use of reasonable bonuses to incentivize employees is a valid exercise of a debtor's business judgment. *See, e.g., In re Borders Group, Inc.*, 453 B.R. 459 (Bankr. S.D.N.Y. 2011); *In re Global Home Prods., LLC*, No. 06-10340, 2007 Bankr. LEXIS 758 at *15 (Bankr. D. Del. March 6, 2007) ("The reasonable use of incentives and performance bonuses are considered the proper exercise of a debtor's business

---

[2] Because the KEIP was independently approved by the Debtors' Chief Executive Officer who is not a participant in the KEIP, the business judgment rule applies, notwithstanding that one of the KEIP Participants is an officer and director of the Debtors. *See In re Network Access Solutions Corp.*, 360 B.R. 67, 77 (Bankr. D. Del. 2005) (dismissing portion of complaint for disgorgement of prepetition bonuses where bonuses were approved by independent board members) (*citing Prods. Res. Group, LLC v. NCT Group, Inc.*, 863 A.2d 772, 799 (Del. Ch. 2004) ("Informed decisions regarding employee compensation by independent boards are usually entitled to business judgment rule protection.")).

judgment."); *In re Nobex Corp.*, No. 05-20050, 2006 Bankr. LEXIS 417 (Bankr. D. Del. Jan. 19, 2006) (approving incentive pay outside of ordinary course as an "appropriate exercise of business judgment."); *In re Am. West Airlines, Inc.*, 171 B.R. 674, 678 (Bankr. D. Ariz. 1994) (stating it is the proper use of a debtor's business judgment to propose bonuses for employees who helped propel the debtor successfully through the bankruptcy process); *In re Interco Inc.*, 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991) ("debtors' business judgment" was controlling in the approval of a "performance/retention program"); *see also In re SSI Group Holding Corp.*, Case No. 11-12917 (MFW) (Bankr. D. Del. Oct. 26, 2011); *In re Riverstone Networks, Inc.*, Case No. 06-10110 (CSS) (Bankr. D. Del. March 28, 2006); *In re Pliant Corp.*, Case No. 06-10001 (MFW) (Bankr. D. Del. March 14, 2004).

16. Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. The Debtors respectfully submit that the implementation of the KEIP is a proper exercise of their business judgment. To maximize creditor outcomes and the going concern value of their business, the Debtors are pursuing a sale of substantially all their assets. The motivated, best efforts of the KEIP Participants are essential to preserving the going concern value of the Debtors' business and achieving the maximum value that can be obtained for the Debtors' business. In addition to their already demanding ordinary course activities overseeing the Debtors' business and maintaining key relationships with employees in the face of the Debtors' bankruptcy filing, certain of the KEIP Participants must work with potential purchasers to complete their due diligence in a compressed timeframe in order to obtain increased bids for the Debtors' business. Thus, the skill, knowledge and motivation of the KEIP Participants is

essential to meeting the Debtors' budget, preserving the going concern value of their business, and achieving the highest and otherwise best possible value for the Debtors' business through the sale process.

**B.     The KEIP is Permissible Under 11 U.S.C. § 503(c)(3).**

18.     Section 503(c)(3) of the Bankruptcy Code prohibits transfers made "outside of the ordinary course of business and not justified by the facts and circumstances of the case." 11 U.S.C. § 503(c)(3). Courts that have analyzed the prohibition on "other transfers" have applied the same standard under that section as they do under section 363(b) of the Bankruptcy Code, namely, whether the decision to use estate property outside of the ordinary course of business is based on a sound exercise of the debtor's business judgment. *See In re Nobex*, 2006 Bankr. LEXIS 417 at *8; *In re Dana Corp.*, 358 B.R. 567, 576 (Bankr. S.D.N.Y. 2006) (test for compensation program under section 503(c)(3) is the same as the "business judgment" test).

19.     Indeed, this Court, in the *Nobex* case, stated:

> I read (c)(3) to be the catch-all and the standard under (c)(3) for any transfers or obligations made outside of the ordinary course of business are those that are justified by the facts and circumstances of the case ... I find it quite frankly nothing more than a reiteration of the standard under 363 ... under which courts had previously authorized transfers outside of the ordinary course of business and that [are], based on the business judgment of the debtor.

Transcript of January 12, 2006, hearing at 86-87, *In re Nobex Corp.*, Case No. 05-20050 (MFW) (Bankr. D. Del.) (order approving management incentive plan entered January 20, 2006).

20.     As set forth above, implementation of the KEIP is supported by sound business purposes: (a) to maximize value for all of the Debtors' stakeholders; and (b) to motivate the KEIP Participants by rewarding them for conducting, facilitating, and/or assisting with a successful sale process. Moreover, the payments to be made under the KEIP are fair and reasonable in the context for the Debtors' assets and liabilities. Thus, the KEIP is justified by the

PAC 1118166v.2

facts and circumstances of the Debtors' Chapter 11 Cases and satisfies section 503(c)(3) of the Bankruptcy Code.

C.  **The KEIP Does Not Implicate 11 U.S.C. § 503(c)(1) or (c)(2).**

21. The KEIP, and the payments contemplated thereunder, do not implicate sections 503(c)(1) or (c)(2) of the Bankruptcy Code. As an initial matter, neither 503(c)(1) nor 503(c)(2) apply to non-insiders such as the Non-Insider KEIP Participants. The Non-Insider KEIP Participants are not officers of the Debtors, nor do they otherwise fall into the Bankruptcy Code's definition of an "insider." Thus, these provisions, on their face, do not apply to the KEIP's treatment of the Non-Insider KEIP Participants.

22. Section 503(c)(1) of the Bankruptcy Code contains a number of conditions that can virtually never be satisfied, effectively prohibiting any postpetition payments to an insider of a debtor made "for the purpose of inducing such person to remain with the debtor's business... ." 11 U.S.C. § 503(c)(1); *see also* Karen Lee Turner & Ronald S. Gellert, *Dana Hits a Roadblock: Why Post-BAPCPA Laws May Impose Stricter KERP Standards*, 3 Andrews Bankr. Litig. Rep. (West) (Nov. 6, 2006) (stating section 503(c)(1)(A) "nears absurdity" by imposing a requirement that could never be met).

23. However, section 503(c)(1) of the Bankruptcy Code applies <u>only</u> to retention programs, not to incentive programs that may have an incidental retentive effect. As noted by the court in *In re Nellson Nutraceutical*, section 503(c)(1) of the Bankruptcy Code necessarily must be interpreted only to prohibit "a transfer made to ... an insider of the debtor for the [primary] purpose of inducing such person to remain with the Debtors' business." 369 B.R. 787, 802 (Bankr. D. Del. 2007). This is because "any payment made to an employee, including regular

wages, has at least a partial retentive effect." *In re Borders Group, Inc.*, 453 B.R. 459, 471 (Bankr. S.D.N.Y. 2011) (citing *Nellson Nutraceuticals*).

24. Here, any retentive effect of the Incentive Award contemplated by the KEIP will be incidental to its main purpose of motivating the CFO to maximize the estates' value through an effective section 363 sale process. Accordingly, section 503(c)(1) of the Bankruptcy Code does not apply.

25. Similarly, section 503(c)(2) of the Bankruptcy Code, which imposes restrictions on the ability of a debtor to pay severance to insiders, also is not applicable here, because the KEIP is not a severance plan. Among other things, the compensation awarded thereunder is not triggered by, or otherwise dependent upon, the termination of the CFO's employment. *See In re Harnischfeger Indus., Inc.*, 270 B.R. 188, 199 (D. Del. 2001), *vac'd in part, In re Joy Global, Inc.*, 80 Fed. Appx. 286 (3d Cir. 2003) ("Severance pay, by its very definition, means compensation due an employee, upon severance of his employment status with the employer.") (citation omitted).

### Notice

26. Notice of this Motion will be given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) counsel to The Private Bank and Trust Company, the Debtors' senior secured lender; (c) all known parties with liens of record on assets of the Debtors as of the Petition Date; (d) all financial institutions at which the Debtors maintain deposit accounts; (e) the Internal Revenue Service; (f) the Debtors' 20 largest unsecured creditors (on a consolidated basis); and (g) all other parties entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(m).

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the KEIP; (ii) authorizing the Debtors to implement the KEIP; and (iii) granting the Debtors such other and further relief as is just, proper and equitable.

Dated: August 9, 2013
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Etta R. Mayers*
Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Counsel for the Debtors and Debtors in Possession*