IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IPC International Corporation, *et al.*[1] | ) Case No. 13-12050 (MFW) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |
| | ) **Re: Docket No. 5** |

**INTERIM ORDER: (A) AUTHORIZING, BUT NOT DIRECTING,
THE DEBTORS TO (1) PAY CERTAIN ACCRUED PREPETITION
WAGES, (2) PERMIT EMPLOYEES TO USE ACCRUED PREPETITION
VACATION TIME, (3) PAY EMPLOYEES' PREPETITION REIMBURSABLE
BUSINESS EXPENSES, (4) MAKE ACCRUED PREPETITION CONTRIBUTIONS TO
EMPLOYEE BENEFIT PLANS, (5) CONTINUE EMPLOYEE BENEFIT
PLANS POST-PETITION; (B) AUTHORIZING RELATED RELIEF; AND
(C) AUTHORIZING, BUT NOT DIRECTING, THE RELEASE
OF WITHHELD TAXES AND EMPLOYEE CONTRIBUTIONS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession herein (together, the "Debtors"), for entry of an order (a) authorizing, but not directing, the Debtors to (i) pay certain accrued prepetition wages, (ii) permit employees to use accrued prepetition vacation time, (iii) pay employees' prepetition reimbursable business expenses, (iv) make accrued prepetition contributions to employee benefit plans, and (v) continue such employee benefit plans postpetition; (b) authorizing related relief; and (C) authorizing, but not directing, the release of withheld taxes and employee contributions; the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties-in-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

PAC 1118417v.2

interest; (iv) due and sufficient notice of the Motion was given; and (v) upon the record herein and after due deliberation and cause appearing therefor; it is:

**ORDERED** that the Motion is **GRANTED** on an interim basis; and it is further

**ORDERED** that nothing herein shall authorize or be deemed to authorize any payments that are subject to section 503(c) of the Bankruptcy Code; and its is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and disallowed on the merits; and it is further

**ORDERED** that notice of the Motion and the hearing thereon was proper, timely, adequate and sufficient under the particular circumstances; and it is further

**ORDERED** that the Debtors are authorized, but not directed, to pay certain of the Employee Obligations and the Employee Payments; provided, however, that payments to each Employee after the Petition Date on account of amounts accrued prior to the Petition Date shall not exceed amounts afforded priority status by any applicable provision of section 507 of the Bankruptcy Code; provided further, however, that any payments to each Employee shall be limited to Employee Obligations (excluding severance payments), Employee Payments, Employee Health Benefits, Employee Health Insurance Benefits, Other Insurance Benefits, Other Benefits, Unpaid Compensation and Reimbursable Expenses all in accordance with the court approved debtor-in-possession financing / cash collateral order and corresponding Budget; and it is further

PAC 1118417v.2

**ORDERED** that in accordance with this Order and any other order of this Court, each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations and the Employee Payments, are authorized to honor checks presented for payment, and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

**ORDERED** that the relief granted herein shall not constitute or be deemed an assumption or an authorization to assume any executory contract or agreement, including, but not limited to, any benefit plans, employment agreements, or severance agreements to which the Debtors are a party; and it is further

**ORDERED** that there shall be an aggregate cap on all payments to be made pursuant to this order in the amount of $5,000,000.00 [$500,000.00 struck through] subject to any further orders of the Court modifying such cap; and it is further

**ORDERED** that a final hearing on the Motion shall be conducted on Sept 3, 2013 at 2:00 p.m., prevailing Eastern Time. Any objections or responses to the entry of a final order approving the Motion shall be filed on or before Aug 27, 2013 at 4:00 p.m., prevailing Eastern Time and served so as to be received by counsel to the Debtors, Proskauer Rose LLP, Three First National Plaza, 70 W. Madison, Suite 3800, Chicago, IL 60602, Attn: Brandon W. Levitan, Esq. and Potter Anderson & Corroon LLP, 1313 N. Market Street, Sixth Floor, Wilmington, DE 19801, Attn: Jeremy W. Ryan, Esq., the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. and counsel to any statutory committees appointed in these Chapter 11 Cases; and it is further

**ORDERED** that the terms and conditions this order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: \_\_Aug. 13\_\_, 2013  
Wilmington, Delaware

_____  
Mary F. Walrath  
United States Bankruptcy Judge