IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| IPC International Corporation, *et al.*[1] | ) Case No. 13-12050 (MFW) |
| Debtors. | ) Joint Administration Requested |
| | ) Re: **Docket No. 8** |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO MAINTAIN AND
ADMINISTER CERTAIN CUSTOMER PROGRAMS AND HONOR CERTAIN
<u>PREPETITION OBLIGATIONS RELATED THERETO</u>**

This matter having come before the Court on the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors-in-possession (together, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") authorizing, but not directing, the Debtors to honor certain prepetition obligations to customers and to continue certain customer programs on a postpetition basis, as is more fully set forth in the Motion; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm; it appearing that this Court has jurisdiction over this matter pursuant to U.S.C. §§ 157 and 1334; it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion and the hearing on the Motion having been provided; it appearing that no other or further notice of the Motion or the hearing on the Motion need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

PAC 1118419v.2

**ORDERED** that the Motion is **GRANTED**, effective as of the Petition Date on an interim basis, as set forth herein; and it is further

**ORDERED** that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized, but not directed, to honor and continue their prepetition Customer Programs (as defined more fully in the Motion) on a postpetition basis as they deem necessary and in the best interest of their estates and creditors, and in the same manner as such Customer Programs were offered and performed before the commencement of this Chapter 11 Case; provided however, that such payments pertaining to Customer Programs are made in accordance with the court approved debtor-in-possession financing/cash collateral order and corresponding budget; and it is further

**ORDERED** that to the extent that checks are issued to customers or other entities in connection with the Customer Programs, the banks upon which any checks are drawn in payment thereof, either before, on or after the date on which the Debtors filed these Chapter 11 Cases are hereby authorized to honor any such checks upon presentation; and it is further

**ORDERED** that any payment made pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtors may have to subsequently dispute such obligation or an assumption or rejection of any executory contract; and it is further

**ORDERED** that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks evidencing amounts paid by Debtors under this Order whether issued or presented prior to or after the Petition Date. Such banks and financial institutions are authorized and directed to rely on the representations of the

Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

**ORDERED** that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that the requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion; and it is further

**ORDERED** that there shall be an aggregate cap on all payments to be made pursuant to this order in the amount of $400,000.00, subject to any further orders of the Court modifying such cap; and it is further

**ORDERED** that a final hearing on the Motion shall be conducted on Sept. 3, 2013 at 2:00 p.m., prevailing Eastern Time. Any objections or responses to the entry of a final order approving the Motion shall be filed on or before Aug 27, 2013 at 4:00 p.m., prevailing Eastern Time and served so as to be received by counsel to the Debtors, Proskauer Rose LLP, Three First National Plaza, 70 W. Madison, Suite 3800, Chicago, IL 60602, Attn: Brandon W. Levitan, Esq. and Potter Anderson & Corroon LLP, 1313 N. Market Street, Sixth Floor, Wilmington, DE 19801, Attn: Jeremy W. Ryan, Esq., the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. and counsel to any statutory committees appointed in these Chapter 11 Cases; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Bankruptcy Rules; and it is further

PAC 1118419v.2

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Aug. 13, 2013
Wilmington, Delaware

_____
Mary F. Walrath
United States Bankruptcy Judge