**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*[1] | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |
| | ) | **Re: Docket No. 10** |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS TO HONOR PREPETITION
INSURANCE POLICIES AND RENEW SUCH INSURANCE POLICIES IN THE
ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (together, the "Debtors"), for entry of an order (this "Order") authorizing (i) the Debtors to honor their prepetition Insurance Policies in the ordinary course of business or enter into new insurance arrangements, as may be required as the terms of existing arrangements expire without need for further authority or approval from the Court; and (ii) the Debtors' banks or financial institutions to honor and process checks and transfers related to such insurance policies and the obligations thereunder, all as more fully set forth in the Motion; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to such terms in the Motion.

157(b)(2); (c) venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing given by the Debtors was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted; and after due deliberation and cause appearing therefor, it is:

**ORDERED** that the Motion is **GRANTED** on an interim basis as set forth herein; and it is further

**ORDERED** that the Debtors are authorized, but not required, to honor the terms of the Insurance Policies and to renew the Insurance Policies in the ordinary course of business as set forth in the Motion; and it is further

**ORDERED** that notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances; and it is further

**ORDERED** that nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

**ORDERED** that all applicable banks or financial institutions are authorized, when requested by the Debtors, in the Debtors' sole discretion, to receive, process, honor and pay all checks drawn on or direct deposit and funds transfer instructions relating to the Debtors'

accounts and any other transfers that are related to the Premium Obligations and the costs and expenses incident thereto; provided, that sufficient funds are available in the accounts to make such payments; provided further, that any such bank or financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Petition Date should be honored postpetition pursuant to an Order of this Court and that any such bank or financial institution shall not have any liability to any party for relying on the representations of the Debtors as provided herein; and it is further

**ORDERED** that Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

**ORDERED** that there shall be a monthly cap on all payments to be made pursuant to this order in the amount of $355,000.00 $900,000.00 subject to any further orders of the Court modifying such cap; and it is further

**ORDERED** that a final hearing on the Motion shall be conducted on Sept. 3 , 2013 at 2:00 p.m., prevailing Eastern Time. Any objections or responses to the entry of a final order approving the Motion shall be filed on or before Aug. 27, 2013 at 4:00 p.m., prevailing Eastern Time and served so as to be received by counsel to the Debtors, Proskauer Rose LLP, Three First National Plaza, 70 W. Madison, Suite 3800, Chicago, IL 60602, Attn: Brandon W. Levitan, Esq. and Potter Anderson & Corroon LLP, 1313 N. Market Street, Sixth Floor, Wilmington, DE 19801, Attn: Jeremy W. Ryan, Esq., the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox

35, Wilmington, DE 19801, Attn:  Benjamin Hackman, Esq. and counsel to any statutory

committees appointed in these Chapter 11 Cases; and it is further

    **ORDERED** that the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry; and it is further

    **ORDERED** that the Court retains jurisdiction to hear and determine all matters arising

from or related to the implementation of this Order.

Dated: _____Aug. 13_____, 2013
       Wilmington, Delaware

                                    Mary F. Walrath
                                    United States Bankruptcy Judge