# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| IPC International Corporation, *et al.*,[1] ) | Case No. 13-12050 (MFW) |
| ) | |
| Debtors. ) | Joint Administration Requested |

**MOTION FOR ADMINISTRATIVE ORDER UNDER
11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROFESSIONALS AND COMMITTEE MEMBERS**

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned counsel, move (the "Motion") this Court for entry of an administrative order, substantially in the form attached hereto as **Exhibit A** under 11 U.S.C. §§ 105(a) and 331 establishing procedures for interim compensation and reimbursement of expenses for professionals. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105 and 331 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") through the filing of voluntary petitions for relief under chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

1118167v.2

11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.   The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Strong, Chief Financial Officer of IPC International Corporation, in Support of Chapter 11 Petitions and First Day Pleadings* (the "Strong Declaration") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

5.   The Debtors are seeking approval of the employment of Proskauer Rose LLP as general bankruptcy counsel, Potter Anderson & Corroon LLP as general bankruptcy co-counsel, Livingstone Partners LLC and StoneLiving Securities LLC as investment bankers, and Silverman Consulting Group, Inc. as financial advisors. A statutory committee of unsecured creditors (the "Committee") may be appointed in these cases and, if so, likely will retain counsel and possibly other professionals as well (collectively, with the professionals set forth above, the "Professionals").

6.   Chapter 11 Professionals retained under sections 327(a), 327(e) or 328(a) of the Bankruptcy Code in these chapter 11 cases will be required to submit interim and final Applications for payment of fees and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code.

7.   By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for compensating and reimbursing the Professionals on a monthly basis,

2

1118167v.2

comparable to those procedures established in other chapter 11 cases filed in this District. Such an order would enable Professionals to receive timely payment of fees and reimbursement of expenses while allowing the Court, the United States Trustee for the District of Delaware (the "U.S. Trustee") and other parties in interest to effectively monitor the Professionals' fees and expenses incurred in these Chapter 11 Cases. Moreover, similar interim compensation procedures have been approved and implemented in chapter 11 cases in this circuit. *See, e.g., In re Capmark Fin. Grp. Inc.*, No. 09-13684 (CSS) (Bankr D. Del. Nov. 24, 2009) [*Docket No. 337*]; *In re Accredited Home Lenders Holding Co.*, No. 09-11516 (MFW) (Bankr. D. Del. May 27, 2009) [*Docket No. 109*]; *In re Aleris Int'l, Inc.*, No. 09-10478 (BLS) (Bankr. D. Del. Mar. 11, 2009) [*Docket No. 251*]; *In re Nortel Networks Inc.*, No. 09-10138 (KJC) (Bankr. D. Del. Feb. 4, 2009) [*Docket No. 222*]; and *In re SemCrude L.P.*, No. 08-11525 (BLS) (Bankr. D. Del. Aug. 18, 2008) [*Docket No. 815*]. The Debtor submits that similar relief is warranted in this Chapter 11 Case.

8. Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

    (a) No later than the 20th day of each calendar month, each Professional seeking interim compensation and expense reimbursement shall file its monthly invoice (the "Monthly Statement") for the prior month (the "Compensation Period") and serve a copy of such Monthly Statement on: (i) counsel to Debtors, Proskauer Rose LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, IL 60602, Attn: Brandon W. Levitan, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, once appointed; (iii) counsel to PrivateBank, Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, IL 60661, Attn: John Sieger; and (iv) the Office of the United States Trustee, Assistant United States Trustee T. Patrick Tinker, 844 King Street, Suite 2207, Wilmington, DE 19801 (collectively, the "Notice Parties").

    (b) All Monthly Statements shall comply with the timekeeping and detail requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable law, the Local Rules of

3

1118167v.2

this Court and the "United States Trustee Fee Guidelines - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)" (the "US Trustee Fee Guidelines"). Each Notice Party will have ten (10) days after service and filing of a Monthly Statement to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Debtors shall be authorized and directed to pay each Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Statement (the "Maximum Monthly Payment"); and (ii) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c) If any Notice Party objects to a Professional's Monthly Statement, it must serve on the affected Professional and each of the Notice Parties a written objection (the "Objection"), which must be received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Beginning with the period ending November, 30, 2013 at three-month intervals or at such other intervals convenient to the Court, each of the Professionals must file with the Court and serve to the Notice Parties an interim application ("Interim Fee Application") for Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Applications filed in respect of such three-month period (the "Interim Fee Period"). Each Interim Fee Application must include copies of the Monthly Statements that are the subject of the application and any other information requested by the Court or required by the Bankruptcy Rules or the Local Rules. Each Professional must file its Interim Fee Application within twenty (20) days after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before December 20, 2013, and the first Interim Fee Application should cover the Interim Fee Period from the commencement of this case through and including November 30, 2013. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further

4

interim payments of fees or expenses under the compensation procedures until such time as the Interim Fee Application is submitted by the Professional or such requirement is waived by the Court after notice and hearing.

(e) The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals as the Court deems appropriate.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses,

(g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

9. The Debtors further request that the Court limit the notice of hearings to consider interim and final fee applications to: (a) the Notice Parties; and (b) all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice. Such notice should reach the parties most active in these Chapter 11 Cases and will save the expense of undue duplication and mailing.

10. The Debtors further request that each member of the Committee (once appointed) be permitted to submit statements of expenses and supporting vouchers to counsel for the Committee, which will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

11. The Debtors will include all payments made to Professionals in accordance with the compensation procedures in its monthly operating reports identifying the amount paid to each of the Professionals.

1118167v.2

## Authority for Relief Requested

12. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. . . .

11 U.S.C. § 331.

13. Section 105(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules. . . .

11 U.S.C. § 105(a). Procedures comparable to those proposed in this Motion have been established in other chapter 11 cases. Such an order will permit the Court, the Office of the United States Trustee, and all other interested parties to effectively monitor the fees and expenses incurred in these cases.

14. Further, such procedures are needed not only to encourage Professionals to provide services in connection with these Chapter 11 Cases, but also to avoid having Professionals fund these cases. *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues included, and the time required on the part of the attorneys for the Debtor in providing services necessary to achieve a successful reorganization of the Debtor." *Id.*; *see also In re Mariner Post-Acute*

6

1118167v.2

*Network, Inc.*, 257 B.R. 723, 727-28 (Bankr. D. Del. 2000) (approving monthly interim compensation procedures for professionals, noting that, given the large quantity of time likely invested by professionals, their receiving payment only once every four months may impose an intolerable burden on them and may place them at a significant economic disadvantage to the professionals retained by the creditors). The Debtors submit that the procedures sought to be approved herein are appropriate considering these factors.

### Waiver of Bankruptcy Rule 6004(a), (h)

15. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

16. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

### Notice

17. Notice of this Motion has been given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) counsel to The PrivateBank and Trust Company, the Debtors' senior secured lender; (c) all known parties with liens of record on assets of the Debtors as of the Petition Date; (d) all financial institutions at which the Debtors maintain deposit accounts; (e) the Internal Revenue Service; (f) the Debtors' 20 largest unsecured creditors (on a consolidated basis); and (g) in accordance with Local Rule 9013-1(m).

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) approving interim compensation procedures on the terms and conditions set forth above, and (ii) granting such other and further relief as is just and proper.

Dated: August 9, 2013
       Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

_(signature)_
Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Counsel for the Debtors and Debtors in Possession*

## Exhibit A

[Proposed Order]

1118167v.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*,[1] | ) | Case No. 13-12050 (MFW) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |
| | ) | Re: Docket No. ____ |

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

This matter having come before the Court upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order establishing procedures for interim compensation and reimbursement of expenses of Professionals pursuant to Bankruptcy Code sections 105(a), 328, 330 and 331, as more fully set forth in the Motion; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) the relief requested in the Motion is warranted and is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and (e) notice of the Motion and the Hearing given by the Debtors was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).

[2] Capitalized terms not defined herein shall have the meaning assigned to such terms in the Motion.

1118167v.2

set forth in the Motion establish just cause for the relief herein granted; and after due deliberation and cause appearing therefor, it is:

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits; and it is further

**ORDERED** that notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances; and it is further

**ORDERED** that except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in this case may seek interim compensation in accordance with the following procedures:

    a.    No later than the 20th day of each calendar month, each Professional seeking interim compensation and expense reimbursement shall file its monthly invoice (the "Monthly Statement") for the prior month (the "Compensation Period") and serve a copy of such Monthly Statement on: (i) counsel to IPC International Corporation, Proskauer Rose LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, IL 60602, Attn: Brandon W. Levitan, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, once appointed; (iii) counsel to PrivateBank, Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, IL 60661, Attn: John Sieger ; and (iv) the Office of the United States Trustee, Assistant United States Trustee T. Patrick Tinker, 844 King Street, Suite 2207, Wilmington, DE 19801 (collectively, the "Notice Parties").

    b.    All Monthly Statements shall comply with the timekeeping and detail requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable law, the Local Rules of this Court and the "United States Trustee Fee Guidelines - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)" (the "US Trustee Fee Guidelines"). Each Notice Party will have ten (10) days after service and filing of a Monthly Statement to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Debtors shall be authorized and directed to pay each Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Statement (the "Maximum Monthly Payment"); and (ii) eighty

percent (80%) of the fees and one-hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (c) below.

c.    If any Notice Party objects to a Professional's Monthly Statement, it must serve on the affected Professional and each of the Notice Parties a written objection (the "Objection"), which must be received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d.    Beginning with the period ending November, 30, 2013 at three-month intervals or at such other intervals convenient to the Court, each of the Professionals must file with the Court and serve to the Notice Parties an interim application ("Interim Fee Application") for Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Applications filed in respect of such three-month period (the "Interim Fee Period"). Each Interim Fee Application must include copies of the Monthly Statements that are the subject of the application and any other information requested by the Court or required by the Bankruptcy Rules or the Local Rules. Each Professional must file its Interim Fee Application within twenty (20) days after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application on or before December 20, 2013, and the first Interim Fee Application should cover the Interim Fee Period from the commencement of this case through and including November 30, 2013. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the compensation procedures until such time as the Interim Fee Application is submitted by the Professional or such requirement is waived by the Court after notice and hearing; and it is further

**ORDERED** that the Debtors shall request that the Court schedule a hearing on the outstanding Interim Fee Applications at least once every three months, or at such other intervals as the Court deems appropriate; and it is further

**ORDERED** that the pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of

3

1118167v.2

compensation or reimbursement of expenses under the Revised Compensation Procedures; and it is further

**ORDERED** that neither: (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor (b) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals; and it is further

**ORDERED** that each member of the Committee or any other Court-appointed committee in these cases is permitted to submit statements of expense (excluding committee member counsel expenses) and supporting vouchers to Court-approved counsel to such committee, which shall collect and submit such committee members' requests for reimbursement in accordance with the procedures established in this Order; and it is further

**ORDERED** that notice of the Monthly Statements, and Interim and Final Fee Applications, and any hearings thereon need only be served upon: (a) the Notice Parties; and (b) any parties who have filed a notice of appearance with the Clerk of this Court and requested such notice; and it is further

**ORDERED** that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

1118167v.2

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2013
       Wilmington, Delaware

                                            Mary F. Walrath
                                            United States Bankruptcy Judge