IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| IPC International Corporation, *et al.*[1] ) | Case No. 13-12050 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 21, 96 & 97 |

AMENDED

A ORDER: (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS USED IN THE DEBTORS' STANDING GUARD AND PATROL BUSINESS, (B) SCHEDULING THE AUCTION, (C) SCHEDULING THE SALE HEARING, (D) AUTHORIZING PAYMENT OF THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (E) APPROVING THE DEPOSIT ESCROW AGREEMENT, (F) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO THE SALE, AND (G) APPROVING THE FORM OF AUCTION AND SALE NOTICE

Upon the Debtors' Motion for Orders: (1)(A) Approving Bidding Procedures for the Sale of Assets Used in the Debtors' Standing Guard and Patrol Business, (B) Scheduling the Auction and Hearing to Consider Such Sale of Assets, (C) Authorizing Payment of the Break-Up Fee and Expense Reimbursement, (D) Approving Assumption and Assignment Procedures Related to Such Sale, (E) Approving the Deposit Escrow Agreement, and (F) Approving the Form of and Manner of Related Notice; and (2)(A) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Such Sale [Docket No. 21] (the "Motion")[2]; notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

PAC 1119891v.4

upon review and consideration of (1) the Motion, (2) the Objection of Professional Security Consultants ("PSC") to the Motion (Dkt. #77), (3) arguments of counsel and evidence proffered or adduced at the hearing on the Motion (the "Hearing"), and (4) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest:

### THE COURT FINDS THAT:[3]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory and rule-based predicates for the relief sought in the Motion are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003, 6004, 6006, 9007 and 9014, and Local Rule 6004-1.

C. Notice of the Motion and Hearing having been given to the following parties is sufficient in light of the circumstances and the nature of the relief requested in the Motion: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) the Debtors' twenty largest creditors (on a consolidated basis); (c) counsel to the Prepetition Secured Lender; (d) all known parties with liens of record on assets of the Debtors as of the Petition Date; (e) all financial institutions at which the Debtors maintain deposit accounts; (f) the Internal Revenue Service; (g) the Illinois Department of Revenue; (h) customer counterparties to each of the Assumed Contracts; and (i) all other parties requesting notice pursuant to Bankruptcy Rule 2002 (the

---

[3] Regardless of the heading under which they appear, any (1) findings of fact that constitute conclusions of law shall be conclusions of law and (2) conclusions of law that constitute findings of fact shall be findings of fact. All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

"Notice Parties").

D. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting certain of the relief requested in the Motion, including approval of: (1) the Bidding Procedures attached hereto as **Addendum 1**, (2) the Break-Up Fee and the Expense Reimbursement referenced in the Bidding Procedures and set forth in the stalking horse Purchase Agreement, as revised pursuant to the Court's statements on the record at the hearing on the Motion and as set forth below, (3) the Assumption and Assignment Procedures attached hereto as **Addendum 2**, and (4) the Notice of Auction and Sale Hearing attached hereto as **Addendum 3**.

E. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Motion, including approval of the Sale and the transfer of the Assets to the High Bidder free and clear of all liens, claims, interests and encumbrances (other than permitted encumbrances and expressly assumed liabilities) pursuant to section 363(f) of the Bankruptcy Code.

F. The Break-Up Fee and the Expense Reimbursement, as revised below (together, the "Bid Protections"), are essential inducements and conditions relating to the Purchaser's entry into, and continuing obligations under, the Purchase Agreement. Unless the Purchaser is assured that the Bid Protections will be available, the Purchaser is unwilling to remain obligated to consummate the Sale or otherwise be bound under the Purchase Agreement (including the obligations to maintain its committed offer while such offer is subject to higher or otherwise better offers as contemplated by the Bidding Procedures). The Bid Protections induced Purchaser to submit a bid that will serve as a minimum or floor bid at the Auction on which the Debtors,

their creditors and other bidders can rely. The Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the Assets will be received. Accordingly, the Bid Protections provide an actual benefit to the Debtors' estates, are necessary to preserve the Debtors' estates, represent the best method for maximizing value for the benefit of the Debtors' estates, and are reasonable and appropriate under the circumstances.

G. The form and scope of the Notice of Auction and Sale Hearing is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, the Bidding Procedures, and the Auction.

H. The notice to counterparties of Assumed Contracts provided in accordance with the Assumption and Assignment Procedures is reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, including the objection of PSC, are overruled except as otherwise set forth herein. This Order shall be valid, binding and enforceable on all parties in interests and fully effective immediately upon entry.

3. The Bidding Procedures, in the form attached hereto as **Addendum 1**, are approved and shall govern all bids and bid proceedings relating to the Assets. The Debtors are

authorized to take any and all actions necessary and/or appropriate to implement the Bidding Procedures.

4. The Assumption and Assignment Procedures, in the form attached hereto as **Addendum 2**, are approved and shall govern the assumption and assignment procedures for the Assumed Contracts. The Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption and Assignment Procedures.

5. The deadline for submitting a Qualified Bid is September 27, 2013 at 4:00 p.m. (Central Time) (the "Bid Deadline").

6. As provided in the Bidding Procedures, the Debtors shall conduct the Auction on October 2, 2013 at 10:00 a.m. (Central Time) at the offices of Proskauer Rose LLP, 70 W. Madison St., Suite 3800 Chicago, IL 60602 if more than one Qualified Bid is timely received.

7. The form of Notice of Auction and Sale Hearing, attached hereto as Addendum 3, is approved in all respects. All parties in interest shall receive or be deemed to have received good and sufficient notice of all relief sought in the Motion, including, but not limited to, the Auction, the Bid Deadline, the Bidding Procedures, the Sale Hearing, the Sale, and the assumption and assignment of the Assumed Contracts if, within three (3) Business Days of the entry of this Order, the Debtors: (a) serve the Notice of Auction and Sale Hearing on the Notice Parties listed in Paragraph C of this Order and all known creditors of the Debtors, and (b) publish notice of the Sale, the time and place of the Auction, and time and place of the Sale Hearing, in the National Edition of the Wall Street Journal and such other publications (if any, although none are required) as the Debtors determine will promote the marketing and sale of the Assets.

8. The Sale Hearing shall be conducted on October 9, 2013 at ~~2:00 p.m.~~ 11:30 a.m. (Eastern Time). The Debtors shall seek entry of an order at the Sale Hearing approving and authorizing

the Sale to the High Bidder on terms and conditions substantially consistent with the Purchase Agreement, as amended or modified. Subject to the Bidding Procedures, the Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

9. Objections to the relief requested in the Motion not granted herein, including approval of the Sale (other than for objections to Cure Costs or the provision of adequate assurance of future performance under Assumed Contracts by the High Bidder) of the Assets free and clear of liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code, must: (a) be made in writing and filed on the docket in the Chapter 11 Cases no later than October 4, 2013 (the "Objection Deadline"); (b) state the basis of such objection with specificity, (c) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (d) be served upon the Debtors and Notice Parties such as to be received on or before 4:00 p.m., prevailing eastern time, on the Objection Deadline.

10. The Break-up Fee and the Expense Reimbursement provisions of Section 5.8 of the Purchase Agreement are approved in all respects and shall be paid to the Purchaser in accordance with and subject to the terms and conditions set forth in the Purchase Agreement at the time and in the manner provided in the Purchase Agreement; provided, however, that the Break-up Fee as set forth in the Purchase Agreement is hereby reduced from $600,000 to $474,500. In accordance with Section 5.8 of the Purchase Agreement, the obligations to pay the Break-Up Fee and the Expense Reimbursement shall constitute administrative expenses of the Debtors' estates under section 503(b)(1) of the Bankruptcy Code and, to the extent that the Purchaser is not the High Bidder, then any High Bid shall be deemed to provide for payment of the Break-Up Fee and the Expense Reimbursement to be made directly by the High Bidder to the

Purchaser upon consummation of the Sale contemplated by such High Bid. The Purchaser shall not waive the right to payment of the Break-Up Fee or the Expense Reimbursement by bidding or rebidding at the Auction. If payment of the Break-Up Fee and/or Expense Reimbursement is required under the terms of the Purchase Agreement, the Debtors are authorized to take all necessary steps and directed, without need for any application, motion or further order of this Court, to pay the Break-Up Fee and Expense Reimbursement to the Purchaser upon the terms set forth in the Purchase Agreement.

11. The Deposit Escrow Agreement is approved and the Debtors are authorized and directed to execute and perform under the Deposit Escrow Agreement. The Deposit Escrow Agreement is deemed assumed (to the extent that it is an executory contract under section 365 of the Bankruptcy Code).

12. The rights of contract counterparties to object to any aspect of the sale not explicitly resolved herein including, but not limited to, the timing of contract assumption, assignment, and rejection decisions, all issues related to the assumption and assignment of individual contracts, including cure, and the terms of any General Liability Fund are expressly reserved and shall not be limited by the relief granted in this Order.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

PAC 1119891v.4

16. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

17. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Purchase Agreement and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

Dated: August 27, 2013
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge