IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 13-12050 (MFW) |
| IPC International Corp. ("IPC"), et al Morris | ) | |
| | ) | |
| | ) | |
| Debtors | ) | Chapter 11 |
| | ) | |
| | ) | (Jointly Administered) |

**OBJECTION TO EXTENSION OF AUTOMATIC STAY BY THE NORMAN LAW FIRM, LLC ON BEHALF OF KUNBI ALABI-SHONDE AND HER MINOR CHILREN WHO ARE PLAINTIFFS IN C.A. 1:11-CV-00608 IN THE U.S. DISTRICT COURT OF DELAWARE**

Kunbi Alabi-Shonde ("Ms. Alabi), on behalf of her minor children, by and through undersigned counsel, hereby objects to the extension of the automatic stay pertaining to case C.A. 1:11-cv-00608, pending in the U.S. District Court of Delaware.

1. On July 8, 2011, Ms. Alabi filed her complaint alleging state and federal counts against IPC including counts for violation of her children's federal constitutional rights that occurred on December 16, 2010.

2. The case has been briefed for summary judgment and oral argument was held in June 2013.

3. An opinion from the Court should be forthcoming shortly, whereby trial will be scheduled assuming the claims are not dismissed.

4. The case has been going on for over two years and any delay due to the extension of the automatic stay will have the likely affect of unnecessarily delaying the proceeding.

5. The suit is not a typical negligence matter, but is brought under 42 U.S.C. §1983 which provides fee shifting provisions to encourage complainants with limited resources to file suit if their civil rights have been violated. Any delay will cause undue hardship.

6. At this point in time Ms. Alabi seeks only to gain access to the insurance policy that IPC has disclosed in accordance with Rule 26.

7. The automatic stay set forth in section 362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute," and this Court has the power to grant relief from the automatic stay under appropriate circumstances. In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992).Relief from the automatic stay can be granted pursuant to section 362(d) of the Bankruptcy Code "(1) of cause . . ."

8. The term "cause" is not defined in the Bankruptcy Code. Instead, whether such relief should be granted should be determined according to the facts of each case. Rexene, 141B.R. at 576 (internal citation omitted). This Court has held that a single factor, such as "a desire to permit an action to proceed in another tribunal,' or lack of any connection with or interference with the pending bankruptcy case," may establish sufficient cause for relief. Id. (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977). In deciding whether sufficient cause exists to lift the stay based upon litigation pending in another forum, this Court has traditionally employed a three-part balancing test, which considers:

> (a) Whether any grant prejudice to either the bankrupt estate or debtor will result from allowing the civil suit to continue;
>
> (b) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and
>
> (c) Whether it is probable that the creditor will prevail on the merits.

Id. (internal citation omitted). Here, the foregoing factors weigh in favor of granting the Movant relief from the stay for "cause" and denying any extension of the automatic stay.

9. First, neither the bankruptcy estate nor the Debtor will suffer any prejudice if the Movant is permitted to pursue its claim against the Debtor's applicable insurance provider. The purpose of the automatic stay "is three-fold: 'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" Rexene, 141 B.R. at 576 (citing Borman v. Raymark Ind., Inc., 946 F. 2d 1031, 1036 (3d Cir. 1991) (quoting St. Croix Condominium Owners v. St. Croix Hotel, 682 F .2d 446, 448 (3d Cir. 1982)). Courts have routinely modified the automatic stay to allow for the prosecution of state law claims to the extent of a debtor's applicable insurance coverage. See, e.g. In re Donington, Karcher, almond, Ronan & Rainone, P.A., 194 B.R. 750, 761 (D.N.J. 1996) ("Courts often have permitted movants to pursue their state claims against debtors when recovery would be against an insurance company rather than the debtor itself."); In re Fernstrom Storage and Van Co., 938 F .2d 731, 736 (7th Cir. 1991) (concluding that "debtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"). Here, the Movant is not attempting to gain any unfair advantage over other creditors of the Debtor, but is merely attempting to liquidate and resolve it's claims to the extent of applicable insurance coverage. Movant specifically stipulates to waive any and all claims against the bankruptcy estate. Therefore, the Debtor will suffer no prejudice if the stay is lifted for the limited purposes requested in this Motion.

10. Second, the hardship to the Movant by maintenance of the automatic stay considerably outweighs any possible harm that the Debtor will suffer as a result of its modification. As discussed

above, the Debtor will suffer no hardship if the Court grants this Motion. The proceeds of the applicable insurance policies are not assets of the estate. See, e.g. Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 memorials Corp.), 382 B.R. 652, 688 (Bankr. D. Del 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) (citing Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51, 55-56 (5th Cir. 1993)) ("[U]nder the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.").

11. While the Debtor would suffer no hardship if the stay were lifted, the same cannot be said for the Movant. As described above the pending action is nearly set for trial and any extension of the automatic stay will likely have the affect of delaying trial. Equity and justice required that the Movant be permitted to seek redress from the Debtor's applicable insurance provider as soon as possible.

12. Third, the underling facts are sufficient to satisfy the final prong of the Rexene test. Indeed, this Court has held that when a party seeks to lift an automatic stay, the required showing for the movant's probability of success on the merits is "very slight." Rexene, 141 B.R. at 578; *see also* In re Continental Airlines, Inc., 152 B.R. 420, 426 (D. Del 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case.") It "merely requires a showing that [the movant's] claim is not frivolous." In re Levitz, 267 B.R. 516, 523 (Bankr. D. Del. 2000). Here, the minor children of Ms. Alabi were unlawfully imprisoned by employees of IPC and the Delaware State Police. Such circumstances establish a solid foundation for an award of damages in favor of the Movant, and are sufficient to meet the required showing.

**WHEREFORE,** for the foregoing reasons, Ms. Alabi respectfully objects to the extension of the automatic stay as to her case and requests relief from the automatic stay to proceed with the District Court action for the purpose of liquidating its claims and enforcing and collecting any

potential settlement and/or judgment from the applicable insurance carrier of the Debtor or that which covers Debtor.

Dated: August 27, 2013

                                            **THE NORMAN LAW FIRM**

                                            /s/ Stephen P. Norman
                                            Stephen P. Norman, Esquire, Bar No. 4620
                                            The Norman Law Firm
                                            30838 Vines Creek Rd., Unit 3
                                            Dagsboro, DE  19939
                                            302-537-3788