# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| IPC International Corporation, et al. | ) Case No. 13-12050 (MFW) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related Docket No. 18 |

## MEMORANDUM OF AUTHORITIES

Jerry and Lauren Eaton filed a personal injury action in Jefferson County, Kentucky, against Louisville Galleria, LLC, and 4th Street EDC, LLC [hereinafter 4th Street Live], IPC International Corporation (Debtor) and others arising out of an injury to Jerry Eaton that occurred on the premises owned by 4th Street Live. Debtor contracted with 4th Street Live, to provide security on its premises.

While it is alleged in the Debtors' Motion that an indemnification agreement exists between itself and the third-party, 4th Street Live, the agreement has not been attached to the Debtors Motion. Further, based upon the course of the personal injury litigation involving the Eatons, there is no basis to suggest that an indemnification agreement would ever be applied in the Eaton litigation. The Debtors and the third-party, 4th Street Live, have taken antagonistic positions regarding their individual responsibilities and duties with respect to security on the premises. There is no evidence of an "identity of interest" which might support extension of the automatic stay. In fact, the evidence in the personal injury litigation would suggest that the relationship between the Debtors and the third-party is adversarial.

1

Additionally, the Debtors have liability insurance coverage available to cover the costs of defense and to pay a potential judgment. Therefore, there is no risk and no evidence presented by the Debtors' that continuing with the third-party litigation would negatively affect the Chapter 11 proceedings.

This Court addressed the issue of extending the automatic stay protection under § 362(a) in the *In re Uni-Marts, LLC*, litigation, 399 B.R. 400 (2009). "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants". *Teachers Ins. & Annuity Asso v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) See also *In re Uni-Marts, LLC*, 399 B.R. 400, 416 (2009). Extending a stay to a third party is not favored and requires a substantial showing of need. *Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 354 B.R. 45, 49 (Bankr.S.D.N.Y. 2006). This Court has recognized that automatic stays can extend to non-debtor third parties, <u>but only if unusual circumstances exist</u>. *In re Uni-Marts, LLC*, 399 B.R. 400, 417 (2009). This Court cited to *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), for the proposition that:

> "[t]his 'unusual situation' it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Uni-Marts, LLC*, 399 B.R. 400, 417 (2009), citing, *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)

In the within case, Debtors, IPC International Corporation, indicate that the "unusual circumstances" arise because of (1) an indemnification agreement between Debtors and 4th Street Live and (2) that the continuation of the litigation would disrupt the Chapter 11 sale process. While this may or may not be true with regard to the other litigation contained in

2

"Schedule 1 - Indemnitee Litigation" which is attached to the Debtors' Motion, it is not true with respect to the personal injury litigation involving the Eatons.

While the Debtors reference an indemnification agreement, no such agreement was attached to the Motion. Further, even if an indemnification agreement exists, both Debtor,IPC International Corporation and 4th Street Live do not share an identity of interest as set forth in *A. H. Robbins*. Debtors and the third-party, 4th Street Live, have taken adversarial positions regarding their respective duties and responsibilities in the civil litigation. Both Debtors and 4th Street Live have alleged that the other was responsible for specific decisions regarding security at the premises which are the subject of the Eaton litigation. There has been no proof from the Debtors that an identity of interest exists between IPC International Corporation and the Third-Party, 4th Street Live. Without such proof, no "unusual circumstances" exist to warrant the extraordinary remedy of extending the stay to non-debtor third parties.

Furthermore, the Debtors have not shown that continuation of the indemnitee litigation will disrupt the Debtors' Chapter 11 sales process. Insurance coverage is available to pay the costs of defense and any judgment obtained by the Eatons. The Debtors will not be forced to expend time or resources in defending the indemnitee litigation. While the Debtors claim that "the Debtors' estates would be subjected to the risk of depletion of significant assets to the detriment of the estates and other creditors", there is no explanation as to the specific risks with regard to the Eatons' litigation. In personal injury litigation where liability insurance exists, the costs of defending the litigation, compensating legal counsel and paying any judgment up to the limits is born by the insurance company— not the defendant. It is respectfully submitted that in order to support such "unusual circumstances", the Debtors must make a more substantial

showing of a potential disruption.

Wherefore, the Motion lacks the specific factual foundation required to grant what is admittedly extraordinary relief to a non-party, it is respectfully submitted that Debtors' Motion be denied.

_____
PATRICK S. MCELHONE
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY  40202-3213
(502) 736-8100
COUNSEL FOR JERRY & LAUREN EATON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Authorities was mailed on this the ____ day of August, 2013, to:

Proskauer Rose LLP
Attn:   Brandon W. Levitan, Esq.
Three First National Plaza
70 W. Madison, Suite 3800
Chicago, IL  60602

Potter Anderson & Corroon LLP
Attn:   Jeremy W. Ryan, Esq.
1313 N. Market Street, Sixth Floor
Wilmington, DE  19801

Office of the United States Trustee
Attn:   Benjamin Hackman, Esq.
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE  19801

_____
COUNSEL FOR JERRY & LAUREN EATON