IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IPC International Corporation, *et al.*, | Case No. 13-12050 (MFW)<br>(Jointly Administered) |
| Debtors. | Hearing Date:  September 3, 2013<br>Hearing Time:  2:00 p.m.<br>Ctrm:  4 |

## <u>OBJECTION TO DEBTORS' MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN THIRD-PARTY INDEMNITEE LITIGATION</u>

Robert Bruce Harshey, Christopher Harshey and Heather Louise Harshey ("Harshey") are plaintiffs in a personal injury action against the Debtors, IPC International Corporation, et al. ("Debtors"). Harshey objects to the Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation. Harshey agrees that their claims against Debtors and their claims against Debtors' indemnitee, Kierland Commons, L.L.C. ("Kierland") that arise solely from the Debtors' conduct should be stayed, but Harshey's claims against unrelated third parties may not be stayed. Similarly, Harshey's claims against Kierland that do not derive from Debtors' negligence should not be stayed because those claims do not invoke Debtors' duty to indemnify. To the extent that Debtors' Motion seeks to stay those claims, Harshey objects; and the Court should enter an Order finding that such claims are not stayed.

I.  **FACTUAL BACKGROUND**

1.  Debtors seek to extend the automatic stay to its indemnitees and to enjoin any action commenced against its indemnitees, including Maricopa County Superior Court Case No. CV2012-6796, *Harshey v. Bonal, et al.* (the "Harshey Litigation"). Docket No. 18, page 8.

2. Debtors provided security services at the Scottsdale Quarter shopping mall, which is owned by Kierland. Debtors have an obligation to indemnify Kierland from its liability that arises out of Debtors' negligence pursuant to § X of a Continuing Service Agreement dated Mach 23, 2009 (the "Agreement"). A copy of the Agreement is attached hereto as **Exhibit B**.

3. The Agreement does not create an absolute obligation to indemnify. Rather, Debtors are only obligated to indemnify Kierland against claims "arising out of the negligent performance [of] acts as they relate to services provided by the [Debtors]." **Exhibit B** at § X.

4. Undersigned counsel represents the plaintiffs in the Harshey Litigation, which arises out of an incident that occurred at a bar and lounge owned by a tenant at Kierland's Scottsdale Quarter property, where the Debtors provided security services. *See* the Second Amended Complaint, attached hereto as **Exhibit A**.

5. The Harshey litigation involves a personal injury claim for significant damages sustained by Harshey when he was attacked by another patron in the Scottsdale Quarter. Debtors are alleged to have been negligent in providing security services, which caused or contributed to Harshey's injuries. *See generally*, **Exhibit A**.

6. As part of the Harshey litigation, Harshey has brought the following claims: (1) Negligence/Negligence Per Se against Jason Bonal (the patron); (2) Negligence and Common Law Dram Shop against Narcisse (the tenant); (3) an Arizona state law based Dram Shop claim against Narcisse; (4) Premises Security against Debtors; (5) Negligence against Kierland; and (6) Loss of Consortium against all Defendants. **Exhibit A**.

7. The Harshey litigation involves claims against unrelated third parties and direct claims against Kierland. It also involves derivative claims against Kierland that do not involve

Debtors. None of these claims impact Debtors or have any potential to dissipate assets of the bankruptcy estate. *See, generally,* **Exhibit A**.

8. Harshey objects to any extension of the automatic stay to the non-debtor Kierland inasmuch as it would prevent Harshey from prosecuting its claims against Kierland that do not derive solely from the Debtors' negligence.

9. Additionally, Harshey objects to the imposition of an injunction that would prohibit them from proceeding against Kierland on the claims where Kierland's liability does not implicate its Agreement with the Debtors.

10. Harshey also objects to the imposition of any injunction as it may apply to the other non-debtor defendants in the Harshey litigation (Bonal and Narcisse) because these defendants have no part in the instant bankruptcy; so, this Court has no jurisdiction over them and may not stay litigation against unrelated third parties.

## II. LEGAL ARGUMENT

### A. The Automatic Stay Should Not Be Extended To Include Claims Against Kierland For Which It Is Independently Liable, Nor To Those Claims Where Kierland's Liability Arises From The Negligence Of A Non-Debtor Third Party.

First, Harshey objects to any extensions of the automatic stay to the non-debtor Kierland inasmuch as extending the stay would prevent them from pursuing claims against Kierland that will not impact the bankruptcy estate. The automatic stay may only be extended to non-debtors under "unusual circumstances," the existence of which is determined by a two-factor analysis: "(1) whether non-debtor and debtor share an identity of interest such that action against non-debtor is essentially an action against debtor, and (2) whether third-party action will have adverse impact on debtor's ability to accomplish reorganization." *In re W.R. Grace and Co.*, 386 B.R. 17 (Dist. Del. 2008). Unsurprisingly, extending the automatic stay to litigation against non-

3

debtors involving claims for which the non-debtor may be independently liable is not permissible. Indeed, under Delaware caselaw, where a judgment against a non-debtor arises from non-debtor actions and does not implicate the assets of the debtor, "the automatic stay would clearly not extend to such non-debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (quoting *In Re Metal Center*, 31 B.R. 458 (D.Conn. 1983) (refusing to extend automatic stay to claims arising directly from non-debtor's breach of duty)). Neither Delaware caselaw nor the Bankruptcy Code authorizes this Court to stay litigation that will not threaten the reorganization by diverting the Debtors' limited assets. *See In re Unimarts, L.L.C.*, 339 B.R. 400, 416 (2009) (citing *Gerrard v. W.R. Grace & Co.*, 115 Fed.App. 565, 570 (3rd Cir. 2004) (not precedential)).

The Harshey Litigation involves multiple claims against Kierland that, if successful, would not diminish the Debtors' limited assets because the Debtors cannot be liable on these claims and the Debtors must only indemnify against liability arising solely from Debtors' negligence. While Harshey does not intend to pursue their claims against the Debtors, or the claim against Kierland arising from Debtors' negligence during the pendency of the automatic stay, Harshey objects to the extension of the automatic stay to the non-debtor Kierland inasmuch as it may prevent Harshey from prosecuting their claims against Kierland that are not subject to the Agreement because Debtors' duty to indemnify is strictly qualified – not absolute. *See e.g., In re American Film Technologies, Inc.*, 175 B.R. 847, 854 (2008) (recognizing automatic stay may not be extended to non-debtor indemnitees where Debtor's obligation to indemnify is not absolute). Here, Debtors' duty to indemnify is contingent on its negligence and Harshey agrees that all claims alleging Debtors' negligence are subject to the currently automatic stay. Consequently, this Court should not extend the stay to those claims against Kierland that do not

4

implicate Debtors' duty to indemnify because they do not assert Debtors' negligence and, therefore, do not impose the absolute obligation to indemnify required in order to extend the stay to those claims.

Similarly, this Court should also not enjoin the Harshey Litigation against Kierland for the same reasons. Specifically, Harshey has claims directly against Kierland arising out of its own actions or the actions of non-debtor third-parties. Since such claims have absolutely no impact on the bankruptcy estate, such claims are not subject to the automatic stay.

B. **The Debtors' Motion To Extend The Stay And For An Injunction Against The Harshey Litigation Should Have No Bearing On Litigation Against Unrelated Defendants.**

The Debtors' request should have no effect on the Harshey Litigation against any unrelated third party (*i.e.,* Bonal or Narcisse). Neither of those parties had any contract or relationship with the Debtors; and, so, the automatic stay does not apply to them and should not be extended to include them. In fact, the Debtors are not expressly seeking to extend the stay to include these parties (likely as they have no ties to the Debtors). Likewise, no injunction is needed to protect the Debtors with regard to the claims against Bonal and Narcisse, so this Court should not enjoin the Harshey Litigation against these defendants. Harshey must be allowed to go forward with their claims against Bonal and Narcisse because neither the Debtors nor Kierland are implicated in these claims.

Further, it is not clear that this Court has jurisdiction over Bonal and/or Narcisse and, therefore, cannot enjoin the claims against them in any event. First, it is not clear that there is even "related to" jurisdiction which arises only when a claim could conceivably have an effect on the estate being administered. *See* 28 U.S.C. § 1334(b). Second, the Harshey Litigation is a personal injury action arising out of an incident that took place in Arizona. It is comprised solely of state law claims. Congress has specifically exempted personal injury actions from those that

may be heard by a bankruptcy court. *See* 28 U.S.C. § 157(b)(2)(B) and (b)(5). In fact, the bankruptcy court's core jurisdictional statute specifically omits the determination of personal injury torts: "The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action." *Meyer v. Northwestern Corp. (In re Northwestern Corp.)*, No. 03–12872 CGC, 04–167 JJF 2004 WL 1044383, at *1 (D.Del. Apr. 29, 2004) (citing *Hansen v. Borough of Seaside Park (In re Hansen)*, 164 B.R. 482, 485–86 (D.N.J. 1994)) (granting a motion for withdrawal of reference to a personal injury and wrongful death lawsuit).

In light of this, the Court does not have jurisdiction over this matter as to Bonal or Narcisse and, so, the Harshey Litigation may move forward against those parties. Allowing the claims against Bonal and Narcisse to be heard by the state court before which all pre-trial preparation and discovery has occurred will preserve both judicial efficiency and comity between state and federal courts. As a result, this Court must not stay the Harshey Litigation as to Bonal or Narcisse.

III. **CONCLUSION**

The Harshey Litigation should be allowed to proceed against Kierland on those claims that do not involve or implicate the Debtors and the Indemnity Agreement, and on all claims against the other third parties. Where the stay is partially extended to Kierland, these claims must be carved out. Also, the automatic stay and/or the injunction Debtors seek should not apply to the non-indemnitee defendants Bonal and Narcisse because they have no connection to the Debtors; and, this Court has no jurisdiction over them in any event.

DATED this 27th day of August, 2013.

**Eckert Seamans Cherin & Mellott, LLC**

By: /s/ *signature*
Gaston P. Loomis
222 Delaware Ave., 7th Floor
Wilmington, DE 19801

- AND -

### AIKEN SCHENK HAWKINS & RICCIARDI P.C.

    Alfred. W. Ricciardi (AZ Bar No. 009547)
    Heather Macre (AZ Bar No. 026625)
    2390 East Camelback Road, Suite 400
    Phoenix, Arizona 85016-3479
    Telephone: (602) 248-8203
    Facsimile: (602) 248-8840
    Attorneys for Bruce Harshey