IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IPC International Corporation, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 13-12050 (MFW)<br>(Jointly Administered)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO EXTENDING THE AUTOMATIC STAY AND IN SUPPORT OF CROSS MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)** |

## INTRODUCTION

1. The debtor IPC International Corp. (hereinafter "IPC" or "Debtor") commenced a voluntary Chapter 11 bankruptcy proceeding on August 9, 2013. As a result, all litigation against IPC was automatically stayed pursuant to 11 U.S.C. 362 of the Bankruptcy Code (hereinafter "the automatic stay" or "the stay").

2. Shortly after initiating this Chapter 11 proceeding, IPC moved for an order extending the protections of the automatic stay to all of its customers who are co-defendants with IPC, as IPC may be required to indemnify these co-defendants.

3. By this opposition and cross motion, Pamela Parker (hereinafter "Parker" or "Plaintiff") objects to any extension of the automatic stay to her litigation and seeks an order lifting the automatic stay to allow her to prosecute her cause of action for personal injuries sustained on January 25, 2011 due to IPC's alleged negligence in state court. (*See* **Exhibit A**, Complaint filed in the Superior Court of Ocean County).

4.  As set forth below, Parker is entitled to an order pursuant to 11 U.S.C. §362(d), to lift the automatic stay to allow her to proceed against IPC from the debtor's insurance coverage. Parker is not seeking recovery against IPC personally or from any assets of the bankruptcy estate. Instead, Parker seeks a modification of the automatic stay solely for the purpose of allowing her to proceed against the IPC in the Superior Court to the extent there is insurance available to cover the liability of the Debtor.

## JURISDICTION & VENUE

5.  This Court has jurisdiction and venue under 28 U.S.C. §1334, 28 U.S.C. §1408, and 11 U.S.C. §362(d).

## BACKGROUND

6.  On or about January 1, 2012, Pamela Parker filed suit against IPC in the Superior Court of Ocean County of the state of New Jersey, under Case No. OCN-L-480-12, alleging claims for negligence related to a slip and fall, which occurred on January 25, 2011 at the Willowbrook Mall in Wayne, NJ.

7.  Parker filed her Complaint against Willowbrook Mall, ERMC, Ruby Thai and IPC, which provided security services for the mall and had a duty to inspect the premises. IPC has available liability insurance and is represented by counsel retained by its insurer. Willowbrook Mall, a co-defendant, is represented by separate counsel.

8.  There has been no claim for indemnification against IPC by Willowbrook Mall or any other defendant in Parker's case.

9.  After over a year of discovery and extensive trail preparation, IPC sought protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

10. Debtor obtained relief pursuant to 11 U.S.C. § 362 of the Bankruptcy Code, thereby obtaining an automatic stay of all pending litigation, including Parker's pending personal injury case that has been pending for over a year prior to debtor's bankruptcy petition.

11. IPC now seeks an order extending the protections of the automatic stay to Willowbrook Mall, effectively ceasing plaintiff's litigation, and further delaying her right to relief.

12. Petitioners respectfully request that this Honorable Court deny IPC's motion to extend the stay and lift or modify debtor's automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the following reasons:

> **(i)** Petitioner is permitted to continue her pending suit against debtor for losses and damages suffered due to debtor's negligence;
> **(ii)** Petitioners recovery is limited to debtor's insurance coverage;
> **(iii)** Petitioners will be severely prejudiced if they are not permitted to prosecute their claims against debtor.

13. The defendant/debtor, IPC, is insured pursuant to its Security Agreement with co-defendant, Willowbrook Mall. This policy covers the claims alleged in plaintiffs' Complaint. (*See* **Exhibit B**, p. 10).

## **LEGAL ARGUMENT**

IPC has, in a scattershot and arbitrary manner, moved this Court to extend the protections of the automatic stay to its customers and co-defendants (hereinafter "co-defendants") in over 60 separate cases without a whiff of evidence that IPC is actually obligated to indemnify or defend these co-defendants. IPC expects this Court to stay 64 separate cases across 18 states without any investigation into IPC's duty to indemnify the co-defendants or the availability of insurance to cover these claims. As courts have routinely held that the protections of the automatic stay apply only to the debtor, and IPC has adequate insurance to cover Parker's entire claim, this Court

should deny IPC's motion to extend the stay as to Parker's state court litigation and lift the automatic stay to allow Parker to pursue her claim against IPC's insurer.

### I. THE AUTOMATIC STAY SHOULD NOT BE EXTENDED TO WILLOWBROOK MALL BECAUSE THERE ARE NO UNUSUAL CIRCUMSTANCES THAT WOULD WARRANT AN EXTENSION.

In the absence of special circumstances, "[t]he automatic stay of section 362(a)2 [of the Bankruptcy Code] protects only **the debtor, property of the debtor or property of the estate.**" *In re Advanced Ribbons & Office Prods., Inc.,* 125 *B.R.* 259, 263 (Bankr. 9th Cir.1991); *Credit Alliance Corp. v. Williams,* 851 *F.*2d 119, 121 (4th Cir.1988); *In re Garnett,* 47 *B.R.* 170, 171 (Bankr.E.D.N.Y.1985). "The law is well settled that the automatic stay provided for by the bankruptcy law extends **only to claims against the debtor himself and not against others**, including sureties, whose liability to the creditor for the obligations of the debtor has an independent basis." *Seaboard Sur. v. Chosen Freeholders,* 222 *N.J.Super.* 409, 415, 537 *A.*2d 310 (App.Div.), *certif. denied,* 111 *N.J.* 630, 546 *A.*2d 545 (1988) (holding that a county could proceed against sureties in an arbitration proceeding despite pending bankruptcy proceeding against principals).

Furthermore, "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 may **not** be invoked by entities such as sureties, guarantors, co-obligors, or others **with a similar legal or factual nexus to the Chapter 11 debtor.**" *Lynch v. Johns–Manville Sales Corp.,* 710 *F.*2d 1194, 1196 (6th Cir.1983) (See cases cited therein); *accord Seaboard Sur. v. Chosen Freeholders, supra,* 222 *N.J.Super.* at 415, 537 *A.*2d 310; *see Credit Alliance Corp. v. Williams, supra,* 851 *F.*2d at 121; *Ingersoll–Rand Fin. Corp. v. Miller Mining Co., Inc.,* 817 *F.*2d 1424, 1427 (9th Cir.1987); *Browning Seed, Inc. v. Bayles,* 812 *F.*2d 999, 1004 (5th Cir.1987); *Otoe County Nat'l Bk. v. W & P Trucking, Inc.,* 754 *F.*2d 881, 883 (10th

Cir.1985); *In re Advanced Ribbons, supra,* 125 *B.R.* at 263; *Personal Designs, Inc. v. Guyman, Inc.,* 80 *B.R.* 29, 30 (E.D.Pa.1987); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena,* 10 *B.R.* 488 (N.D.Ill.1981). *See generally* 2 *Collier on Bankruptcy,* ¶ 362.02[1] (15th Ed.1990); American Bankruptcy Inst., *Bankruptcy Issues for State Trial Court Judges* 44 (1991–1992); *see also Citizens First Nat. Bank of New Jersey v. Marcus,* 253 N.J. Super. 1, 3-5 (App. Div. 1991).

In *In re Uni-Marts, LLC,* 399 B.R. 400 (Bankr. D. Del. 2009), this Court recognized that when a debtor-corporation owes a duty to indemnify an officer or director from personal liability and the debtor has a D&O insurance policy, the protections of the automatic stay do not extend to the director. *In re Uni-Marts, LLC,* 399 B.R. 400, 417 (Bankr. D. Del. 2009). This Court reasoned that because the D&O policy would cover the plaintiff's claim "it is difficult to see how the Debtor would sustain any loss, much less one that would materially impair its reorganization." *Id.* Similarly, in this case, IPC has adequate insurance to cover plaintiff's entire claim. (*See* **Exhibit B**, p. 10, The Security Agreement indicates that IPC has a $5,000,000 premises liability insurance policy). Allowing the litigation to proceed will not interfere with IPC's reorganization, as IPC's insurer has already undertaken the costs of the litigation and will pay any verdict or settlement.

### A. IT IS NOT CLEAR THAT WILLOWBROOK MALL IS ENTITLED TO INDEMNIFICATION AND NO CLAIM FOR INDEMNIFICATION HAS BEEN MADE.

It is not clear that Willowbrook Mall is entitled to indemnification, and Willowbrook has not made a claim for indemnification against IPC. Additionally, while IPC, by its Motion to Extend the Automatic Stay, alleges that it is required to defend and indemnify co-defendants, such as Willowbrook Mall (See Debtor's Brief, p.2), both IPC and Willowbrook have retained

separate counsel and have looked to their own insurers for coverage. There is simply no evidence that Willowbrook is entitled to indemnification by IPC.

The court, in *A.H. Robins*, noted an "illustration" of unusual circumstances warranting extension of the stay is "a suit against a third-party who is entitled to **absolute indemnity** by the debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986). Willowbrook has not made a claim for indemnification and it is not even clear that Willowbrook is entitled to indemnification. The Security Agreement between Willowbrook and IPC states that:

> [IPC] agrees that is shall defend, indemnify, and hold harmless...each property...against all claims, liabilities, losses...or suits which may arise in whole or in part from (A) any actual or alleged negligence, grossly negligent, intentional or willful act or omission from [IPC]...in connection with this agreement...

*See* **Exhibit B**, p. 11. It is not clear from this language that IPC owes Willowbrook a duty of indemnification or that IPC's alleged negligence arises from the security agreement. As no claim for indemnification has been made, the protections of the automatic stay should not be extended to Willowbrook, a non-bankrupt defendant, who is not even seeking indemnification.

Lastly, this litigation will not interfere with IPC's reorganization. Plaintiff's claim is a relatively small personal injury action, seeking only 1/5 of IPC's available insurance coverage. IPC will not be required undertake its own defense and its insurer has already assumed the cost of the litigation and hired counsel to defend IPC. Therefore, extending the automatic stay would only serve to frustrate and further delay plaintiff's claim against IPC's co-defendants. This would prejudice plaintiff's case and serve no benefit to the bankruptcy estate.

    **II.    PETITIONERS MOTION FOR RELIEF FROM THE BANKRUPTCY STAY SHOULD BE ALLOWED PURSUANT TO 11 U.S.C. SECTION 362, BECAUSE MODIFICATION OF THE STAY WOULD BE LIMITED TO ALLOW PROCEEDINGS ONLY TO EXTENT OF DEBTOR'S INSURANCE COVERAGE.**

Relief from automatic stay is permitted pursuant to 11 U.S.C. section 362(d), which provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay... by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The burden of proof on a motion to lift or modify the automatic stay is a shifting one. *In the Matter of Holly's Inc.*, 140 B.R. 643, 683 (1992). As stated above, section 362(d) requires an initial showing of cause by the movant; after that requirement is satisfied, the burden of proof is placed on the debtor for all issues other than "the debtor's equity in property." 2 Collier on Bankruptcy, para. 362.07[3] at 362-71 (15th ed. 1992). "Cause" under section 362(d)(1) is an intentionally broad and flexible concept which must, of necessity, be determined on a case by case analysis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987); *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985); *In re Kelly*, 125 B.R. 301, 302 (Bankr. D. Kan. 1991); *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).

In deciding whether there is sufficient cause present to lift the automatic stay, the court must conduct a balancing test whereby the interests of the bankruptcy estate are weighed against the hardships that will be incurred by the movants. *In re Todd Shipyards Corp.*, 92 B.R. 600, 602 (Bankr. D.N.J. 1988); *In Re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986); *In re International Endoscope Mfrs., Inc.*, 79 B.R. 620 (Bankr. E.D. Pa. 1987); *In re Bock Laundry Mach. Co.*, 37 B.R. 564 (Bankr. N.D. Ohio 1984); *In re Larkham*, 31 B.R. 273 (Bankr. D. Vt. 1983). Accordingly, the debtor has the burden of proving there is not cause to lift the stay. *In re Aikens*, 83 B.R. 344 (Bankr. E.D. Pa. 1988); *Matter of Rapco Foam, Inc.*, 23 B.R. 692 (Bankr.

W.D. Wis. 1982).

Where a pending matter is (1) ready for trial, and (2) the modification of stay is limited to allow the proceeding only to the extent of the debtor's insurance coverage, it has been held that petitioners are entitled to a modification of the automatic stay in order to pursue their action to recover debtor's insurance proceeds. *In re Fernstrom Storage and Van Co.*, 100 B.R. 1017, 1023 (Bankr. N.D. Ill. 1989), subsequently aff'd, 938 F.2d 731 (7th Cir. 1991); see also *In re Humphreys Pest Control Co. Inc.*, 35 B.R. 7112 (Bankr.E.D.Pa. 1984) (court granted movants modification of the stay so that they could continue litigation against the debtors in district court).

In *In re Todd Shipyards*, the court explained that in balancing the hardships when deciding whether to lift an automatic stay, 11 U.S.C. § 362(d) must be read in conjunction with 11 U.S.C. § 362(g), since the latter allocates the burden of proof in motions seeking relief from the stay. *See In Re Todd Shipyards Corp.*, 92 B.R. at 602. In considering the balancing of hardships, a claim by a debtor that litigation expenses constitute an injury sufficient to justify the enjoining of litigation against a debtor has been rejected by the Third Circuit. *Id.* at 603. Furthermore, at this juncture, plaintiffs seek only to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach property of the debtor. The granting of such relief therefore, would not affect the debtor's equity, thus no undue hardship or prejudice will be incurred by the debtor through litigation of petitioners' claim.

In the instant case, petitioner alleges she was injured as a result of debtor's negligent acts. Petitioner filed their legitimate and viable negligence action arising from this incident against the debtor while the debtor was still solvent. Plaintiff discovered debtor had filed bankruptcy after she had significantly prepared her case. Petitioner now seeks relief from stay only to the extent

of debtor's liability insurance coverage; such action will not impose undue hardship upon debtor's equity. Therefore, petitioner's motion for relief from the stay should be lifted, or in the alternative, modified to permit continuance of petitioner's negligence action.

### III. PETITIONERS' MOTION FOR RELIEF FROM BANKRUPTCY STAY FOR CAUSE SHOULD BE ALLOWED BECAUSE PETITIONERS WILL BE GREATLY PREJUDICED BY CONTINUANCE OF DEBTOR'S STAY.

"Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since the hardship to the debtor is likely to be outweighed by hardship to the plaintiff." 2 Collier on Bankruptcy, para. 362.07[3] (15th ed. 1985). The stay may be modified to permit the continuance of a civil suit if no great prejudice to either the estate or the debtor results, and if the hardship to petitioner by continuance of the stay outweighs the hardship to the debtor by modification of the stay. *In re McGraw*, 18 B.R. 140, 141-142 (Bankr. W.D.Wisc. 1982). Particularly where an insurance carrier is providing the defense in a personal injury action, there should be a minimal burden imposed upon the bankruptcy estate. The hardship which would be imposed on the petitioner, that is preventing her from seeking compensation for severe personal injuries, were she precluded from pursuing their claims, would obviously outweigh the minimal interest of the bankruptcy estate in avoiding the inconvenience of involvement in litigation. "Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." 92 B.R. at 603. Furthermore, it has been noted that "the automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's assets." *In re Bock Laundry Machine Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984).

The scale in the instant case balances in favor of the petitioners. Any prejudice to the debtor and its estate by a finding of liability in petitioner's personal injury action may be obviated by this court's order limiting relief from stay for the sole purpose of obtaining a finding of liability, and limiting any recovery to the amount of available liability insurance. Alternatively, to deny modification of the stay would be to deny petitioners recovery for the debtor's negligent acts that caused petitioner to suffer extreme, severe personal injuries.

## CONCLUSION

For the foregoing reasons, Pamela Parker, respectfully requests this court lift the automatic stay to allow continuance of proceedings in state court solely to recover from insurance proceeds and deny Debtor's motion to extend the stay to her litigation.

Respectfully submitted,

PELLETTIERI, RABSTEIN & ALTMAN

_____
Michael J Paragano, Esquire.