**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IPC International Corporation, *et al.*,[1] | ) Case No. 13-12050 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Re: Docket Nos. 21 and 98** |
| | ) |

## NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    The above-captioned debtors and debtors in possession (together, the "Debtors") entered into an asset purchase agreement (the "Stalking Horse Purchase Agreement") for the sale (the "Sale") of substantially all of their assets (the "Purchased Assets") to Universal Protection Service, LLC.(the "Stalking Horse Purchaser"), as more fully set forth in the *Motion of the Debtors for Orders (A) Approving Bidding Procedures for the Sale of Assets Used in the Debtors' Standing Guard and Patrol Business, (B) Scheduling an Auction and Hearing to Consider Such Sale of Assets, (C) Authorizing Payment of the Break-Up Fee and Expense Procedures to Such Sale; and (E) Approving the Form and Manner of Related Notice* [Docket No. 21] (the "Motion"). The Debtors may assume, assign, and/or transfer (i) all contracts with customers listed on **Schedule 1** annexed hereto, and (2) all equipment leases with the lessors listed on **Schedule 2** (each, an "Assumed Contract" and collectively, the "Assumed Contracts") to the High Bidder[2] or any back-up bidder for the Purchased Assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached as **Addendum 1** to the *Amended Order: (A) Approving Bidding Procedures for the Sale of Assets Used in the Debtors' Standing Guard and Patrol Business, (B) Scheduling the Auction, (C) Scheduling the Sale Hearing, (D) Authorizing Payment of the Break-Up Fee and Expense Reimbursement, (E) Approving the Deposit Escrow Agreement, (F) Approving Assumption and Assignment Procedures Related to the Sale, and (G) Approving the Form of Auction and Sale Notice*, entered on August 27, 2013 [Docket No. 98] (the "Bid Procedures Order").

2.    The Debtors believe that any and all defaults (other than the filing of these chapter 11 cases) and actual pecuniary losses under the Assumed Agreements can be cured by the payment of the cure amounts (where required) (the "Cure Amounts") described on **Schedule 1** and **Schedule 2** annexed hereto.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).  The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2]    All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Bid Procedures Order.

3.    In accordance with the assumption and assignment procedures approved by the Bankruptcy Court and attached as **Addendum 2** to the Bid Procedures Order, any objections ("Assignment Objections") to the assumption and assignment of any Assumed Contract, including, but not limited to, objections relating to adequate assurance of future performance or to the proposed Cure Amount set forth in the contract and cure schedules, must be filed with the Bankruptcy Court and served upon the Notice Parties, no later than: (a)(i) one (1) week prior to the Sale Hearing with respect to proposed Cure Amounts, and (ii) one (1) Business Day prior to the Sale Hearing with respect to adequate assurance of future performance; and (b) in the case of Additional Contracts (as defined below), the later of (i) the dates set forth in the prior subsection (a), or (ii) fifteen (15) days after receipt of a Cure Package (as applicable, the "Stalking Horse Assignment Objection Deadline"). Notwithstanding the foregoing, in the event that UPS is not the High Bidder at the Auction, the Debtors will send notice of the High Bidder's proposed adequate assurance information, including Cure Amounts, to the counterparties to the Assumed Contracts and Additional Contracts (as defined below) by email or fax, if available, and if not available, by FedEx within six (6) hours of the adjournment of the Auction. Contract counterparties to the (a) Assumed Contracts shall have until one (1) Business Day prior to the Sale Hearing, to file Assignment Objections, and (b) to the Additional Contracts (as defined below), fifteen (15) days after receipt of a Cure Package (as applicable to file Assignment Objections, (the "Non-Stalking Horse Assignment Objection Deadline").

4.    Any counterparty to an Assumed Contract failing to file an Assignment Objection by the Assignment Objection Deadline shall be forever barred from: (a) objecting to the Cure Amount set forth on the contract and cure schedules with respect to its Assumed Contract; (b) seeking from the Debtors, the High Bidder, or any assignee under the Sale any amounts (in addition to the proposed Cure Amount) arising under its Assumed Contract prior to the closing of the Sale; and (c) objecting to the assumption and assignment of its Assumed Contract in connection with the Sale.

5.    In the event that the Debtors and any objecting counterparty to an Assumed Contract are unable to resolve consensually an Assignment Objection prior to the date that is three (3) days before the Sale Hearing, the Debtors shall provide notice to the Court of such dispute and request that the Bankruptcy Court hear and determine such Assignment Objection at the Sale Hearing.

6.    Except as may otherwise be agreed to by all parties to an Assumed Contract, the cure of any defaults under Assumed Contracts necessary to permit assumption and assignment thereof in accordance with section 365 of the Bankruptcy Code shall be by: (a) payment of the undisputed Cure Amount; and/ or (b) establishment of a reserve with respect to any disputed Cure Amount. The party responsible for paying Cure Amounts shall be as set forth in the purchase agreement or, if applicable, in an agreement between the High Bidder and the Debtors.

7.    The APA provides, and the agreement from another bidder may also provide, for the High Bidder to add Assumed Contracts to or remove Assumed Contracts from the Contract and Cure Schedule at any time up until ten (10) days after the closing of the Sale. As the Debtors are advised by the High Bidder that they desire to assume and assign an executory contract or unexpired lease, the Debtors shall file an amended or supplemental Contract and Cure Schedule adding such contracts or leases thereto (any such added contract, an "Additional Contract") or

removing Assumed Contracts therefrom, and shall provide notice of such removal of such Assumed Contracts or assumption and assignment of Additional Contracts to each affected counterparty to such contracts and leases.

8.      The Debtors' decision to sell, assign and/or transfer to the High Bidder or back-up bidder the Assumed Agreements is subject to Court approval and the closing. Accordingly, absent such closing, any of the Assumed Agreements shall not be deemed to be sold, assigned and/or transferred, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Agreements shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: August 30, 2013
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

_____
Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

*Proposed Co-Counsel for the Debtor and*
*Debtor in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Counsel for the Debtor and Debtor*
*in Possession*

## SCHEDULE 1

### ASSUMED CUSTOMER CONTRACTS

The cure amounts with respect to all of IPC International Corporation's contracts with the following entities or their affiliates for purposes of providing standing guard and security services that are in effect as of the Closing Date of the Sale are limited to obligations of defense and indemnification against certain claims against such counterparties as set forth in each contract, which amounts are at this time unliquidated.  IPC International Corporation intends to work with all of its clients to establish satisfactory assurance of performance of such defense and indemnification obligations, whether arising prior to or after the closing of the Sale and assumption and assignment of such contracts, prior to any hearing on such assumption and assignment.

1. 1st Commerical Realty Group, INC
2. American Assets Real Estate Group
3. Arboretum of South Barrington, LLC
4. Athena Property Management
5. Bayer Properties
6. BEI Beach LLC
7. Berkowitz Development Group, Inc.
8. Boyer Company
9. Capital Commercial Property Management, Inc.
10. Carlyle/Cypress Leesburg I, LLC
11. CB Richard Ellis
12. CBL & Associates
13. CBRE
14. Centennial
15. Cityplace Retail LLC
16. CNM3, LLC
17. Columbia Pacific
18. Cousins Properties Incorporated
19. Coyote Management, L.P.
20. Cushman Wakefield
21. Cypress Equities
22. DCG Development

23. Donahue Schriber
24. Duke Realty Company
25. Edens
26. Edgewater Management Company
27. EMJ Construction
28. Equity One Realty & Management SE, Inc
29. Ershig Properties Inc.
30. EWB Management Services, LLC
31. Feldman Mall Properties
32. Fidelis Realty Partners
33. Forest City
34. Frederick Towne Associates
35. Fritz Duda Company
36. General Growth Properties, Inc.
37. GK Development, Inc.
38. Glimcher Properties Ltd. Partnership
39. Greeley Mall CO LLC
40. Hines
41. Houston Pavilions, LP
42. Howard Hughes Corporation
43. Inland Southwest Mgmt LLC
44. Institutional Property Managers, Inc.
45. J. Herzog & Sons
46. J.J. Gumberg Co.
47. Jones Lang LaSalle
48. JSS Advisors
49. Kimco
50. Lodging Hospitality Management
51. Madison Marquette
52. MGHerring Group
53. Mid-America Asset Management
54. Miller Frishman
55. Milwaukee Golf Management Corporation
56. Moonbeam
57. MS Property Company

58. New England Development
59. NewMark Merrill
60. O'Leary Partners, Inc.
61. Optimus Property Management, LLC
62. Pacific Asia Museum
63. Pacific Castle Management, Inc.
64. Petrie Ross Ventures
65. Pine Tree Commercial Reality
66. Poag & McEwen Lifestyle Centers, LLC
67. Pyramid Management Group, INC.
68. Randhurst Shopping Center, LLC
69. RED Asset Management Inc.
70. Regency Realty Group, Inc.
71. Revenue Properties Southland Limited Partnership
72. Rouse
73. RPAI (a division of Inland Southwest Mgmt)
74. Sacramento Zoological Society
75. San Francisco Zoological Society
76. Schottenstein Management Co.
77. Seabreeze Mangement Company, Inc.
78. Spinoso Real Estate Group
79. Stoltz Management
80. Tanger Factory Outlet Centers
81. The Continental Group - Miami
82. The Irvine Company
83. The Lerner Company
84. The Taubman Company LLC
85. Tivoli Village Management
86. Turnberry Associates
87. Unilev Management
88. United Community Management
89. University of Charleston
90. Urban Retail Properties
91. Vallco Shopping Mall LLC
92. Venture Commercial Management

93. Vestar Property Management
94. VK MacArthur LLC
95. WCF Development/Fox Properties
96. West Palm
97. Westdale CR Ventures One

## SCHEDULE 2

ASSUMED EQUIPMENT LEASES

| Debtor Entity | Contract(s) Type | Cure Amount | Counterparty/ Notice Party | Address 1 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| IPC International Corporation | All vehicle leases with Counterparty | $0.00 | Arnie Yusim Leasing | 650 Dundee Road, Suite 158 | Northbrook | IL | 60062 |
| IPC International Corporation | All vehicle leases with Counterparty | credit balance | EmKay | PO Box 92407 | Chicago | IL | 60675-2047 |
| IPC International Corporation | Software licenses pursuant to Master Software Services Agreement dated December 11, 2008 | $8,508.16 | Valiant Communications, Inc. | 110 Crossways Park Dr | Woodbury | NY | 11797 |
| IPC International Corporation | Copier leases pursuant to Premier Lease Agreement dated October 27, 2009 | $12,717.95 | Konica Minolta Premier Finance | 21146 Network Place | Chicago | IL | 60673 |
| IPC International Corporation | Copier leases pursuant to Lease Agreement dated March 28, 2012 | $1,620.03 | Xerox | PO Box 827598 | Philadelphia | PA | 19182-7598 |
| IPC International Corporation | Postal agreement leases pursuant to agreement dated July 31, 2009 | $0.00 | Pitney Bowes | PO Box 371887 | Pittsburgh | PA | 15250-7887 |
| IPC International Corporation | Softward license pursuant to agreement dated December 2009 and amended for the period covering 2012-2013 | $33,333.32 | Lauren Innovations | 2228 Reiser Avenue SE | New Philadelphia | OH | 44663 |

1120994v.1