IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| IPC International Corporation, et al.[1] | ) Case No. 13-12050 (MFW) |
| Debtors. | ) Jointly Administered |

NOTICE OF *SECOND AMENDED*[2] AGENDA MATTERS SCHEDULED
FOR SEPTEMBER 3, 2013 AT 2:00 P.M. (EASTERN)
BEFORE THE HON. MARY F. WALRATH AT THE UNITED
STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
824 MARKET STREET, COURTROOM 4, 5TH FLOOR
WILMINGTON, DELAWARE 19801 [RE: DOCKET NOS. 108 & 124][3]

I. **UNCONTESTED MATTERS WHERE DEBTORS INTEND TO FILE CERTIFICATES OF NO OBJECTION**

1. Debtors' Motion for Order: (A) Authorizing, But Not Directing, the Debtors to Pay Prepetition Taxes and Regulatory Fees; and (B) Directing Financial Institutions to Honor and Process Checks Related to Prepetition Taxes and Regulatory Fees [Filed 8/9/13, D.I. 6]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a) Interim Order Authorizing, But Not Directing, the Debtors to Pay Prepetition Taxes and Regulatory Fees and Directing Financial Institutions to Honor and Process Checks Related to Prepetition Taxes and Regulatory Fees [Filed 8/13/13, D.I. 37]

    (b) Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for Order: (A) Authorizing, But Not Directing, the Debtors to Pay Prepetition Taxes and Regulatory Fees; and (B) Directing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

[2] **Amended items appear in bold.**

[3] **Any party participating telephonically must make arrangements through CourtCall by telephone (866-582-6878) or facsimile (866-533-2946), no later than 12:00 p.m. one business day prior to the hearing.**

PAC 1118927v.7

>   Financial Institutions to Honor and Process Checks Related to Prepetition Taxes and Regulatory Fees [Filed 8/13/13, D.I. 56]
>
>   (c)   Certification of No Objection Regarding Docket No. 6 [Filed 8/29/13, D.I. 111]

Response(s) Received: None.

Status: No objections were received. The Debtors intend to submit a Certificate of No Objection on this matter after 4:00 p.m. August 29, 2013.

2.  Debtors' Motion for Entry of Order Under 11 U.S.C. §§ 105, 363, 364, 1107 and 1108 Authorizing Maintenance of Existing Bank Accounts, Continued Use of Existing Business Forms, Continued Use of Existing Cash Management System, and for Related Relief [Filed 8/9/13, D.I. 7]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a)   Interim Order Authorizing Maintenance of Existing Bank Accounts, Continued Use of Existing Business Forms, Continued Use of Existing Cash Management System, and for Related Relief [Filed 8/13/13, D.I. 38]

    (b)   Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for Entry of Order Under 11 U.S.C. §§ 105, 363, 364, 1107 and 1108 Authorizing Maintenance of Existing Bank Accounts, Continued Use of Existing Business Forms, Continued Use of Existing Cash Management System, and for Related Relief [Filed 8/13/13, D.I. 58]

    (c)   Certification of No Objection Regarding Docket No. 7 [Filed 8/29/13, D.I. 114]

    Response(s) Received: None.

    Status: No objections were received. The Debtors intend to submit a Certificate of No Objection on this matter after 4:00 p.m. August 29, 2013.

3.  Debtors' Motion for Entry of an Order Authorizing the Debtors to Maintain and Administer Certain Customer Programs and Honor Certain Prepetition Obligations Related Thereto [Filed 8/9/13, D.I. 8]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a)    Interim Order Authorizing the Debtors to Maintain and Administer Certain Customer Programs and Honor Certain Prepetition Obligations Related Thereto [Filed 8/13/13, D.I. 39]

    (b)    Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for Entry of an Order Authorizing the Debtors to Maintain and Administer Certain Customer Programs and Honor Certain Prepetition Obligations Related Thereto [Filed 8/13/13, D.I. 59]

    (c)    Certification of No Objection Regarding Docket No. 8 [Filed 8/29/13, D.I. 112]

Response(s) Received: None.

Status: No objections were received. The Debtors intend to submit a Certificate of No Objection on this matter after 4:00 p.m. August 29, 2013.

4. Debtors' Motion for Entry of An Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code: (I) Authorizing the Debtors to Honor Prepetition Insurance Policies and Renew Such Insurance Policies in the Ordinary Course of Business; and (II) Granting Related Relief [Filed 8/9/13, D.I. 10]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

    (a)    Interim Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code: (I) Authorizing the Debtors to Honor Prepetition Insurance Policies and Renew Such Insurance Policies in the Ordinary Course of Business; and (II) Granting Related Relief [Filed 8/13/13, D.I. 41]

    (b)    Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for Entry of An Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code: (I) Authorizing the Debtors to Honor Prepetition Insurance Policies and Renew Such Insurance Policies in the Ordinary Course of Business; and (II) Granting Related Relief [Filed 8/13/13, D.I. 62]

    (c)    Certification of No Objection Regarding Docket No. 10 [Filed 8/29/13, D.I. 113]

Response(s) Received: None.

Status: No objections were received. The Debtors intend to submit a Certificate of No Objection on this matter after 4:00 p.m. August 29, 2013.

PAC 1118927v.7

5.    Debtors' Motion Pursuant to Section 366 of the Bankruptcy Code for Entry of an Order: (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Prepetition Amounts Due; (II) Determining That Utilities Are Adequately Assured of Future Payment; (III) Establishing Procedures for Determining Requests for Additional Assurance; and (IV) Granting Certain Related Relief [Filed 8/9/13, D.I. 13]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

   (a)    Interim Order Pursuant to Section 366 of the Bankruptcy Code: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Prepetition Amounts Due; (B) Determining That Utilities Are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance (D) Permitting the Utility Companies to Opt Out of the Procedures Established Herein [Filed 8/13/13, D.I. 42]

   (b)    Notice of (I) Entry of Interim Order and (II) Final Hearing with Respect to Debtors' Motion Pursuant to Section 366 of the Bankruptcy Code for Entry of an Order: (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Prepetition Amounts Due; (II) Determining That Utilities Are Adequately Assured of Future Payment; (III) Establishing Procedures for Determining Requests for Additional Assurance; and (IV) Granting Certain Related Relief [Filed 8/13/13, D.I. 63]

   (c)    Certification of No Objection Regarding Docket No. 13 [Filed 8/29/13, D.I. 115]

Response(s) Received: None.

Status: No objections were received. The Debtors intend to submit a Certificate of No Objection on this matter after 4:00 p.m. August 29, 2013.

II.    **MATTERS GOING FORWARD WHERE DEBTORS INTEND TO FILE CERTIFICATION OF COUNSEL**

6.    Debtors' Motion for Entry of an Order: (A) Authorizing, But Not Directing, Debtors to (1) Pay Certain Accrued Prepetition Wages, (2) Permit Employees to Use Accrued Prepetition Vacation Time, (3) Pay Employees' Prepetition Reimbursable Business Expenses, (4) Make Accrued Prepetition Contributions to Employee Benefit Plans, and (5) Continue Employee Benefit Plans; (B) Authorizing Related Relief; and (C)

Authorizing, But Not Directing, the Release of Withheld Taxes and Employee Contributions [Filed 8/9/13, D.I. 5]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

(a) Interim Order: (A) Authorizing, But Not Directing, Debtors to (1) Pay Certain Accrued Prepetition Wages, (2) Permit Employees to Use Accrued Prepetition Vacation Time, (3) Pay Employees' Prepetition Reimbursable Business Expenses, (4) Make Accrued Prepetition Contributions to Employee Benefit Plans, and (5) Continue Employee Benefit Plans; (B) Authorizing Related Relief; and (C) Authorizing, But Not Directing, the Release of Withheld Taxes and Employee Contributions [Filed 8/13/13, D.I. 36]

(b) Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for Entry of an Order: (A) Authorizing, But Not Directing, Debtors to (1) Pay Certain Accrued Prepetition Wages, (2) Permit Employees to Use Accrued Prepetition Vacation Time, (3) Pay Employees' Prepetition Reimbursable Business Expenses, (4) Make Accrued Prepetition Contributions to Employee Benefit Plans, and (5) Continue Employee Benefit Plans; (B) Authorizing Related Relief; and (C) Authorizing, But Not Directing, the Release of Withheld Taxes and Employee Contributions [Filed 8/13/13, D.I. 55]

(c) Certification of Counsel re: Final Order: Authorizing, But Not Directing, the Debtors to (1) Pay Certain Accrued Prepetition Wages, (2) Permit Employees to Use Accrued Prepetition Vacation Time, (3) Pay Employees' Prepetition Reimbursable Business Expenses, (4) Make Accrued Prepetition Contributions to Employee Benefit Plans, and (5) Continue Employee Benefit Plans; (B) Authorizing Related Relief; and (C) Authorizing, But Not Directing, the Release of Withheld Taxes and Employee Contributions [Filed 8/29/13, D.I. 121]

Response(s) Received: None.

Status: The Debtors have requested to raise the aggregate cap on pre-petition wages and are awaiting a response from the Office of the United States Trustee. The Debtors intend to submit a revised from of order at or prior to the hearing on this matter.

7. Debtors' Motion for an Order Authorizing, But Not Directing, the Debtors to Continue to Use Corporate Credit Cards and Gas Cards and to Pay Prepetition Obligations in Connection Therewith [Filed 8/9/13, D.I. 9]

Response Deadline: August 27, 2013 at 4:00 p.m.

5

Related Documents:

 (a) Interim Order Authorizing, But Not Directing, the Debtors to Continue to Use Corporate Credit Cards and Gas Cards and to Pay Prepetition Obligations in Connection Therewith [Filed 8/13/13, D.I. 40]

 (b) Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Debtors' Motion for an Order Authorizing, But Not Directing, the Debtors to Continue to Use Corporate Credit Cards and Gas Cards and to Pay Prepetition Obligations in Connection Therewith [Filed 8/13/13, D.I. 60]

 (c) Certification of Counsel re: Final Order Authorizing, But Not Directing, the Debtors to Continue to Use Corporate Credit Cards and Gas Cards and to Pay Prepetition Obligations in Connection Therewith [Filed 8/29/13, D.I. 120]

Response(s) Received: None.

Status: The Debtors have requested to raise the aggregate cap on pre-petition obligations and are awaiting a response from the Office of the United States Trustee. The Debtors intend to submit a revised from of order at or prior to the hearing on this matter.

8. Motion for Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members [Filed 8/9/13, D.I. 11]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

 (a) Notice of Hearing re: Motion for Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members [Filed 8/13/13, D.I. 50]

 (b) Certification of Counsel re: Motion for Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses [Filed 8/29/13, D.I. 116]

Response(s) Received: The Debtors have received informal comments from the Office of the United States Trustee.

    Status: The Debtors received informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to the hearing.

9. Application of Debtors for Order Authorizing Employment and Retention of Proskauer Rose LLP as Counsel, *Nunc Pro Tunc* to the Petition Date [Filed 8/13/13, D.I. 57]

    Response Deadline:  August 27, 2013 at 4:00 p.m.

    Related Documents:

        (a) Supplemental Declaration in Support of the Application of Debtors for Order Authorizing Employment and Retention of Proskauer Rose LLP as Counsel, *Nunc Pro Tunc* to the Petition Date [Filed 8/27/13, D.I. 99]

        (b) Certification of Counsel re: Application of Debtors for Order Authorizing Employment and Retention of Proskauer Rose LLP as Counsel, *Nunc Pro Tunc* to the Petition Date [Filed 8/29/13, D.I. 123]

    Response(s) Received:  The Debtors have received informal comments from the Office of the United States Trustee.

    Status: The Debtors received informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to the hearing.

10. Application of the Debtors Pursuant to 11 U.S.C. § 327(a) for Authority to Employ and Retain Potter Anderson & Corroon LLP as Co-Counsel or the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 8/13/13, D.I. 61]

    Response Deadline:  August 27, 2013 at 4:00 p.m.

    Related Documents:

        (a) Certification of Counsel re: Application of the Debtors Pursuant to 11 U.S.C. § 327(a) for Authority to Employ and Retain Potter Anderson & Corroon LLP as Co-Counsel or the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 8/29/13, D.I. 117]

    Response(s) Received:  The Debtors have received informal comments from the Office of the United States Trustee.

    Status: The Debtors received informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to the hearing.

11. Application of Debtors for Order Authorizing the Debtors to Retain Livingstone Partners LLC and StoneLiving Securities LLC as Investment Banker *Nunc Pro Tunc* to the Petition Date [Filed 8/13/13, D.I. 65]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a) Certification of Counsel re: Application for an Order Authorizing the Debtors to Retain Livingstone Partners LLC and StoneLiving Securities LLC as Investment Banker *Nunc Pro Tunc* to the Petition Date [Filed 8/29/13, D.I. 122]

    Response(s) Received: The Debtors have received informal comments from the Office of the United States Trustee.

    Status: The Debtors received informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to the hearing.

12. Application of Debtors for Order Authorizing the Debtors to Retain Silverman Consulting Group, Inc. as Financial Advisor *Nunc Pro Tunc* to the Petition Date [Filed 8/13/13, D.I. 67]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a) Certification of Counsel re: Application for an Order Authorizing the Debtors to Retain Silverman Consulting Group, Inc. as Financial Advisor *Nunc Pro Tunc* to the Petition Date [Filed 8/29/13, D.I. 119]

    Response(s) Received: The Debtors have received informal comments from the Office of the United States Trustee.

    Status: The Debtors are working to resolve the informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to or at the hearing.

13. Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Agent *Nunc Pro Tunc* to the Petition Date [Filed 8/13/13, D.I. 68]

    Response Deadline: August 27, 2013 at 4:00 p.m.

    Related Documents:

    (a)    Affidavit of Evan Gershbein in Support of Application of the Debtors Pursuant to 11 U.S.C. 327(a) and Fed.R.Bankr.P. 2014 for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Agent *Nunc Pro Tunc* to the Petition Date [Filed 8/28/13, D.I. 106]

    (b)    Certification of Counsel re: Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Agent *Nunc Pro Tunc* to the Petition Date [Filed 8/29/13, D.I. 118]

Response(s) Received: The Debtors have received informal comments from the Office of the United States Trustee.

Status: The Debtors received informal comments from the Office of the United States Trustee and intend to submit a revised form of order under certification of counsel prior to the hearing.

## III. **MATTERS GOING FORWARD**

14.    Motion of the Debtors for Entry of Interim and Final Orders: (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364; (II) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (III) Granting Adequate Protection to the Prepetition Secured Lender Pursuant to 11 U.S.C. §§ 361 and 363; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Filed 8/9/13, D.I. 15]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

    (a)    Interim Order (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364; (II) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (III) Granting Adequate Protection to the Prepetition Secured Lender Pursuant to 11 U.S.C. §§ 361 and 363; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Filed 8/13/13, D.I. 43]

    (b)    Notice of (I) Entry of Interim Order and (II) Further Hearing with Respect to Motion of the Debtors for Entry of Interim and Final Orders: (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364; (II) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (III) Granting Adequate Protection to the Prepetition Secured Lender Pursuant to 11 U.S.C. §§ 361 and 363; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Filed 8/13/13, D.I. 64]

Response(s) Received: None.

Status: No objections have been received. The Debtors have sent a form of order to the Office of the United States Trustee and are awaiting comments.

15. Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation [Filed 8/9/13, D.I. 18]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

(a) Notice of Hearing re: Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation [Filed 8/13/13, D.I. 52]

(b) Notice of Filing of Revised Schedule to Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation [Filed 8/28/13, D.I. 107]

(c) **Declaration of Scott M. Strong, Chief Financial Officer of IPC International Corporation, in Further Support of Debtors' Motion for Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation [Filed 8/30/13, D.I. 127]**

Response(s) Received:

(a) The Debtors have received informal comments from the Office of the United States Trustee.

(b) Objection to Extension of Automatic Stay by The Norman Law Firm, LLC on Behalf of Kunbi Alabi-Shonde and Her Minor Children Who Are Plaintiffs in C.A. 1:11-cv-00608 in the U.S. District Court of Delaware [Filed 8/27/13, D.I. 100]

(c) Objection to Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation Filed by Lauren Eaton, Jerry Eaton [Filed 8/27/13, D.I. 102]

(d) Objection to Debtors' Motion for an Order Extending the Automatic Stay to Certain Third-Party Indemnitee Litigation Filed by Robert Bruce Harshey [Filed 8/27/13, D.I. 103]

(e) Opposition to Debtors' Motion to Extend the Automatic Stay and Notice of Cross Motion to Lift Automatic Stay to Allow Continuance of

            Proceedings Solely to Recover from Insurance Coverage Filed by Pamela Parker [Filed 8/27/13, D.I. 104]

      (f)    Objection to the Extension of Automatic Stay on Behalf of Brendan McKown Who is a Plaintiff in W.A. 3:08-cv-05754-BHS in the U.S. District Court of Washington Western District [Filed 8/28/13, D.I. 105]

Status: This matter is going forward.

16.    Debtors' Motion for an Order Authorizing and Approving Implementation of a Key Employee Incentive Program Pursuant to Sections 105(a), 363(b), 503(b)(1) and 503(c)(3) of the Bankruptcy Code [Filed 8/9/13, D.I. 20]

Response Deadline: August 27, 2013 at 4:00 p.m.

Related Documents:

    (a)    Notice of Hearing re: Debtors' Motion for an Order Authorizing and Approving Implementation of a Key Employee Incentive Program Pursuant to Sections 105(a), 363(b), 503(b)(1) and 503(c)(3) of the Bankruptcy Code [Filed 8/13/13, D.I. 51]

    **(b)**    **Declaration of Michael A. Silverman In Support of Debtors Motion for An Order Authorizing and Approving Implementation of a Key Employee Incentive Program Pursuant to Sections 105(a), 363(b), 503(b)(1) and 503(c)(3) of The Bankruptcy Code [Filed 8/30/13, D.I. 125]**

Response(s) Received:

    (a)    Objection of the United States Trustee to Debtors' Motion for an Order Authorizing and Approving Implementation of a Key Employee Incentive Program Pursuant to Sections 105(a), 363(b), 503(b)(1) and 503(c)(3) of the Bankruptcy Code [Filed 8/27/13, D.I. 101]

Status: This matter is going forward.

| | |
|---|---|
| Dated: August 30, 2013<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>/s/ Jeremy W. Ryan<br>Jeremy W. Ryan (DE Bar No. 4057)<br>Etta R. Mayers (DE Bar No. 4164)<br>1313 North Market Street, Sixth Floor<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br><br>*Proposed Co-Counsel for Debtors and Debtors in Possession*<br><br>-and-<br><br>**PROSKAUER ROSE LLP**<br>Paul V. Possinger<br>Brandon W. Levitan<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342<br>Telephone: (312) 962-3550<br>Facsimile: (312) 962-3551<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |