IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| IPC International Corporation, *et al.*,[1] | ) ) | Case No. 13 –12050 (MFW) (Jointly Administered) |
| Debtors. | ) ) | Re: Docket Nos. 21, 97, and 128 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF GGP LIMITED PARTNERSHIP, GREGORY GREENFIELD & ASSOCIATES, LTD., JONES LANG LASALLE AMERICAS, INC., ROUSE PROPERTIES, INC., AND AVENTURA MALL VENTURE TO THE (I) MOTION OF THE DEBTORS FOR ORDERS: (1) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS USED IN THE DEBTORS' STANDING GUARD AND PATROL BUSINESS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SUCH SALE OF ASSETS, (C) AUTHORIZING PAYMENT OF THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO SUCH SALE, AND (E) APPROVING THE FORM AND MANNER OF RELATED NOTICE; AND (2) (A) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (II) DEBTORS' NOTICE OF ASSUMPTION, ASSIGNMENT, AND/OR TRANSFER**

GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture (collectively, the "Customers") object, by and through their undersigned counsel, Kelley Drye & Warren LLP, to the (i) *Motion Of The Debtors For Orders: (1) (A) Approving Bidding Procedures For The Sale Of Assets Used In The Debtors' Standing Guard And Patrol Business, (B) Scheduling An Auction And Hearing To Consider Such Sale Of Assets, (C) Authorizing Payment Of The Break-Up Fee And Expense Reimbursement, (D) Approving Assumption And Assignment Procedures Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and the Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

*To Such Sale, And (E) Approving The Form And Manner Of Related Notice; And (2) (A) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, And (B) Authorizing And Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Such Sale* (the "<u>Sale Motion</u>"),[2] and (ii) *Notice Of Assumption, Assignment, And/Or Transfer* (the "<u>Assignment Notice</u>").[3] In support of this objection (the "<u>Objection</u>"), the Customers respectfully state as follows:

## BACKGROUND

1. On August 10, 2013, each of the above-captioned debtors (the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with this Court.

2. The Debtors are parties to approximately 130 contracts (the "<u>Contracts</u>") with the Customers, or related entities, pursuant to which the Debtors provide security services to the Customers, or related entities, at various shopping centers throughout the country.

3. Also on August 10, 2013, the Debtors filed the Sale Motion seeking, among other things, authority to assume and assign certain unexpired executory contracts to the winning bidder (the "<u>Proposed Assignee</u>") at an auction of the Debtors' assets.

4. On August 30, 2013, the Debtors filed the Assignment Notice indicating that it planned to assume and assign its contracts with certain contract-counterparties, including the Contracts, to the Proposed Assignee. The Assignment Notice stated that the cure amounts with respect to the Contracts "are limited to obligations of defense and indemnification against

---

[2] Docket Entry No. 21.
[3] Docket Entry No. 128.

2

certain claims against such counterparties as set forth in each contract, which amounts are at this time unliquidated"[4] (the "Debtors' Proposed Cure Amounts").

**OBJECTION**

5. The Customers dispute the Debtors' Proposed Cure Amounts on two grounds.

6. First, prior to assumption and assignment, the Debtors are required to cure all outstanding defaults under the Contracts pursuant to section 365(b)(1) of the Bankruptcy Code.[5] Moreover, the Debtors must also compensate the Customers for any actual pecuniary losses under the Contracts.[6]

7. Jones Lang LaSalle Americas, Inc. ("JLL") and the Debtors are parties to certain additional contracts which the Debtors have indicated that they intend to assume and assign to the Proposed Assignee. These additional contracts involve the Debtors' rental of office space in certain JLL-managed properties and a sponsorship arrangement between the parties. Under the sponsorship agreement, there is currently $79,456.67 ("JLL's Proposed Cure Amount") due and owing from the Debtors.[7] This default must be cured before the Debtors may assume and assign these agreements to the Proposed Assignee.

8. Second, in connection with the assumption and assignment, the Debtors must also provide adequate assurance of future performance under the Contracts.[8]

9. The Customers must be provided with adequate assurance that the Proposed Assignee will perform all obligations when they come due under the Contracts,

---

[4] Assignment Notice at Sch. 1.
[5] *See* 11 U.S.C. § 365(b)(1).
[6] *See* 11 U.S.C. § 365 (b)(1)(B).
[7] JLL will provide a detailed breakdown of this amount directly to the Debtors' counsel.
[8] *See* 11 U.S.C. § 365 (b)(1)(C).

including indemnification obligations regardless of whether the incident that gives rise to the obligation occurred before or after the assumption and assignment of the Contracts. To the extent that the Proposed Assignee does not adequately assure the Customers that it will satisfy such obligations, the Debtors are unable to assume and assign the Contracts. The Customers assert that the indemnification issue is a matter of adequate assurance of future performance, not cure. However, the Customers have included this issue in this Objection out of an abundance of caution in the event that the Court determines it to be a cure dispute.

## RESERVATION OF RIGHTS

10. The Customers reserve their rights to amend and/or supplement this Objection, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption and assignment period that subsequently become known to the Customers.

11. The Customers also reserve their rights to object to the assumption and assignment of the Contracts on any basis, including, without limitation, that the Debtors have failed to provide adequate assurance of future performance by the Debtors or the Proposed Assignee.

**WHEREFORE**, the Customers respectfully request that this Court enter an order (i) requiring the Debtors or the Proposed Assignee to pay the JLL-Proposed Cure Amount; (ii) reserving the Customers' rights to assert additional cure amounts, including attorneys' fees, due under the Contracts at the time of assumption and assignment; (iii) requiring the Debtors or the Proposed Assignee to continue to comply with the indemnification obligations under the Contracts in the regular course of business; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2013
      New York, New York

KELLEY DRYE & WARREN LLP

By: */s/ Robert L. LeHane*
    Robert L. LeHane
    Jennifer D. Raviele
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Facsimile: (212) 808-7897

*Counsel to GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| IPC International Corporation, *et al.*, | ) ) ) | Case No. 13 –12050 (MFW) (Jointly Administered) |
| Debtors. | ) ) | |

### CERTIFICATE OF SERVICE

I, Jennifer D. Raviele, hereby certify that on this 2nd day of October 2013, I served a true and correct copy of the foregoing *Limited Objection And Reservation Of Rights Of GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., And Aventura Mall Venture To The (I) Motion Of The Debtors For Orders: (1) (A) Approving Bidding Procedures For The Sale Of Assets Used In The Debtors' Standing Guard And Patrol Business, (B) Scheduling An Auction And Hearing To Consider Such Sale Of Assets, (C) Authorizing Payment Of The Break-Up Fee And Expense Reimbursement, (D) Approving Assumption And Assignment Procedures Related To Such Sale, And (E) Approving The Form And Manner Of Related Notice; And (2) (A) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, And (B) Authorizing And Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Such Sale; And (II) Debtors' Notice Of Assumption, Assignment, And/Or Transfer* by the CM/ECF system upon all parties who have filed an appearance in this case and are registered CM/ECF users and by first-class mail and/or electronic mail, postage pre-paid, upon the parties listed on the attached <u>Exhibit A</u>.

                                                               KELLEY DRYE & WARREN LLP

                                                               By: */s/ Jennifer D. Raviele*
                                                                   Jennifer D. Raviele
                                                                   101 Park Avenue
                                                                   New York, New York 10178
                                                                   Telephone:  (212) 808-7800
                                                                   Facsimile:  (212) 808-7897

                                                            *Counsel to GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture*

# **EXHIBIT A**

| | |
|---|---|
| The Honorable Mary F. Walrath<br>U.S. Bankruptcy Court, D. Delaware<br>824 N Market St, 5th Flr<br>Wilmington, DE 19801 | Attn: Benjamin Hackman<br>Office of the United States Trustee<br>844 King St, Room 2207, Lockbox #35<br>Wilmington, DE 19899-0035 |
| Attn: Paul Possinger<br>Attn: Brandon Levitan<br>Proskauer Rose LLP<br>Three First National Plaza<br>70 W Madison, Ste 3800<br>Chicago, IL 60602<br>Email: ppossinger@proskauer.com<br>Email: blevitan@proskauer.com<br><br>*Counsel to the Debtors* | Attn: Jeremy Ryan<br>Attn: Etta Mayers<br>Potter Anderson & Corroon LLP<br>1313 N Market St, 6th Flr<br>Wilmington, DE 19899-0951<br>Email: jryan@potteranderson.com<br>Email: emayers@potteranderson.com<br><br>*Counsel to the Debtors* |
| Attn: Bradford J. Sandler<br>Attn: Peter J. Keane<br>Pachulski Stang Ziehl & Jones LLP<br>919 N Market St, 17th Flr<br>Wilmington, DE 19801<br>Email: bsandler@pszjlaw.com<br>Email: pkeane@pszjlaw.com<br><br>*Counsel to the Committee* | Attn: Teddy Kapur<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, 13th Flr<br>Los Angeles, CA 90067-4100<br>Email: tkapur@pszjlaw.com<br><br>*Counsel to the Committee* |
| Attn: John Sieger<br>Attn: David Avraham<br>Katten Muchin Rosenman LLP<br>525 W Monroe St<br>Chicago, IL 60661-3693<br>Email: john.sieger@kattenlaw.com<br>Email: david.avraham@kattenlaw.com<br><br>*Counsel to The Private Bank & Trust Co., the Debtors' Senior Secured Lender* | |