**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IPC International Corporation, *et al.*,[1] | ) | Case No. 13 –12050 (MFW) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Re: Docket Nos. 21, 97, and 128 |

**OBJECTION OF GGP LIMITED PARTNERSHIP, GREGORY GREENFIELD & ASSOCIATES, LTD., JONES LANG LASALLE AMERICAS, INC., ROUSE PROPERTIES, INC., AND AVENTURA MALL VENTURE TO THE (I) MOTION OF THE DEBTORS FOR ORDERS: (1) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS USED IN THE DEBTORS' STANDING GUARD AND PATROL BUSINESS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SUCH SALE OF ASSETS, (C) AUTHORIZING PAYMENT OF THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO SUCH SALE, AND (E) APPROVING THE FORM AND MANNER OF RELATED NOTICE; AND (2) (A) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (II) DEBTORS' NOTICE OF ASSUMPTION, ASSIGNMENT, AND/OR TRANSFER**

GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture (collectively, the "Customers") object, by and through their undersigned counsel, Kelley Drye & Warren LLP, to the (i) *Motion Of The Debtors For Orders: (1) (A) Approving Bidding Procedures For The Sale Of Assets Used In The Debtors' Standing Guard And Patrol Business, (B) Scheduling An Auction And Hearing To Consider Such Sale Of Assets, (C) Authorizing Payment Of The Break-Up Fee And Expense Reimbursement, (D) Approving Assumption And Assignment Procedures Related To Such Sale, And (E) Approving The Form And Manner Of Related Notice; And*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and the Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

*(2) (A) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, And (B) Authorizing And Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Such Sale* (the "Sale Motion"),[2] and (ii) *Notice Of Assumption, Assignment, And/Or Transfer* (the "Assignment Notice").[3] In support of this objection (the "Objection"), the Customers respectfully state as follows:

## BACKGROUND

1. On August 10, 2013, each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. The Debtors are parties to approximately 130 contracts (the "Contracts") with the Customers, or related entities, pursuant to which the Debtors provide security services to the Customers, or related entities, at various shopping centers throughout the country.

3. Also on August 10, 2013, the Debtors filed the Sale Motion seeking, among other things, authority to assume and assign certain unexpired executory contracts to the winning bidder (the "Proposed Assignee") at an auction of the Debtors' assets.

4. On August 30, 2013, the Debtors filed the Assignment Notice indicating their intention to assume and assign their contracts with certain contract-counterparties, including the Contracts, to the Proposed Assignee. The Debtors have not provided adequate information substantiating the adequate assurance of future performance of any bidders.

5. As detailed in the proposed Purchase Agreement[4] between the Debtors and the Stalking Horse Bidder dated as of August 9, 2013, if the sale transaction is approved, the

---

[2] Docket Entry No. 21.
[3] Docket Entry No. 128.
[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

Customers would be required to look to the General Liability Fund to satisfy all indemnity obligations that the Debtors have to the Customers under the Contracts.[5] The General Liability Fund does not guarantee a full recovery for the Customers, as required by the Contracts.

## OBJECTION

6. Prior to the assumption and assignment of the Contracts, the Debtors must provide adequate assurance of future performance under the Contracts.[6]

7. Furthermore, a contract cannot be amended through the Bankruptcy Code's assumption and assignment process, nor can a debtor assume and assign only a portion of a contract. The Third Circuit Court of Appeals noted:

> The [debtor], however, may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.[7]

"The cum onere rule prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement."[8]

8. The Customers must be provided with adequate assurance that the Proposed Assignee will perform all obligations when they come due under the Contracts, including indemnification obligations regardless of whether the incident that gave rise to the obligation occurred before or after the assumption and assignment of the Contracts. To the extent that the Proposed Assignee does not adequately assure the Customers that it will satisfy such obligations, the Debtors are unable to assume and assign the Contracts.

---

[5] Purchase Agreement at 5.

[6] *See* 11 U.S.C. § 365 (b)(1)(C).

[7] *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951).

[8] *In re Fleming Cos., Inc., et al.*, 499 F.3d 300, 308 (3d Cir. 2007) (internal citations omitted).

3

9.     As of the filing of this objection, the Debtor has not filed a notice identifying which bidder had the highest and best bid at the auction. In addition, no bidder has stepped forward and agreed to perform all of the obligations under the Contracts, including the indemnification obligations. To the contrary, both bidders expressly refuse to perform all of the obligations under the Contracts and, instead, seek to perform only a portion of the obligations related to the indemnification provisions in the Contracts. Unless and until the Proposed Assignee adequately assures the Customers that it intends to assume and perform all of the obligations under the Contracts or the Customers agree otherwise in writing, the Proposed Assignee cannot take assignment of the Contracts.

10.    The parties have been engaged in discussions in an attempt to find a solution for the problems with the proposed transaction, including determining whether the amount of the General Liability Fund is sufficient and whether such fund should be administered in the sole discretion of the Proposed Assignee. The Customers are hopeful that the parties will resolve all of the issues before the hearing to consider the sale; however, they are filing this objection in the event that a consensual resolution is not possible.

## **RESERVATION OF RIGHTS**

11.    The Customers reserve their rights to further object to the assumption and assignment of the Contracts on any basis, including based on the outcome of the auction.

**WHEREFORE**, the Customers respectfully request that this Court enter an order (i) requiring the Proposed Assignee to perform all obligations under the Contracts, including the indemnification obligations, in the regular course of business; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 8, 2013  
      New York, New York

KELLEY DRYE & WARREN LLP

By: */s/ Robert L. LeHane*  
    Robert L. LeHane  
    Jennifer D. Raviele  
    101 Park Avenue  
    New York, New York 10178  
    Telephone: (212) 808-7800  
    Facsimile: (212) 808-7897

*Counsel to GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| IPC International Corporation, *et al.*, | ) ) | Case No. 13 –12050 (MFW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

      I, Jennifer D. Raviele, hereby certify that on this 8th day of October 2013, I served a true and correct copy of the foregoing *Objection Of GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., And Aventura Mall Venture To The (I) Motion Of The Debtors For Orders: (1) (A) Approving Bidding Procedures For The Sale Of Assets Used In The Debtors' Standing Guard And Patrol Business, (B) Scheduling An Auction And Hearing To Consider Such Sale Of Assets, (C) Authorizing Payment Of The Break-Up Fee And Expense Reimbursement, (D) Approving Assumption And Assignment Procedures Related To Such Sale, And (E) Approving The Form And Manner Of Related Notice; And (2) (A) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, And (B) Authorizing And Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Such Sale; And (II) Debtors' Notice Of Assumption, Assignment, And/Or Transfer* by the CM/ECF system upon all parties who have filed an appearance in this case and are registered CM/ECF users and by first-class mail and/or electronic mail, postage pre-paid, upon the parties listed on the attached Exhibit A.

      KELLEY DRYE & WARREN LLP

      By: */s/ Jennifer D. Raviele*
          Jennifer D. Raviele
          101 Park Avenue
          New York, New York 10178
          Telephone:  (212) 808-7800
          Facsimile:  (212) 808-7897

      *Counsel to GGP Limited Partnership, Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., and Aventura Mall Venture*

# **EXHIBIT A**

| | |
|---|---|
| The Honorable Mary F. Walrath<br>U.S. Bankruptcy Court, D. Delaware<br>824 N Market St, 5th Flr<br>Wilmington, DE 19801 | Attn: Benjamin Hackman<br>Office of the United States Trustee<br>844 King St, Room 2207, Lockbox #35<br>Wilmington, DE 19899-0035 |
| Attn: Paul Possinger<br>Attn: Brandon Levitan<br>Proskauer Rose LLP<br>Three First National Plaza<br>70 W Madison, Ste 3800<br>Chicago, IL 60602<br>Email: ppossinger@proskauer.com<br>Email: blevitan@proskauer.com<br><br>*Counsel to the Debtors* | Attn: Jeremy Ryan<br>Attn: Etta Mayers<br>Potter Anderson & Corroon LLP<br>1313 N Market St, 6th Flr<br>Wilmington, DE 19899-0951<br>Email: jryan@potteranderson.com<br>Email: emayers@potteranderson.com<br><br>*Counsel to the Debtors* |
| Attn: Bradford J. Sandler<br>Attn: Peter J. Keane<br>Pachulski Stang Ziehl & Jones LLP<br>919 N Market St, 17th Flr<br>Wilmington, DE 19801<br>Email: bsandler@pszjlaw.com<br>Email: pkeane@pszjlaw.com<br><br>*Counsel to the Committee* | Attn: Teddy Kapur<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, 13th Flr<br>Los Angeles, CA 90067-4100<br>Email: tkapur@pszjlaw.com<br><br>*Counsel to the Committee* |
| Attn: John Sieger<br>Attn: David Avraham<br>Katten Muchin Rosenman LLP<br>525 W Monroe St<br>Chicago, IL 60661-3693<br>Email: john.sieger@kattenlaw.com<br>Email: david.avraham@kattenlaw.com<br><br>*Counsel to The Private Bank & Trust Co., the Debtors' Senior Secured Lender* | |