**EXHIBIT A**

## AMENDMENT TO ASSET PURCHASE AGREEMENT

This **AMENDMENT TO ASSET PURCHASE AGREEMENT** (this "**Amendment**") is made and entered into as of September __, 2013 by and between IPC International Corporation, an Illinois corporation ("**Seller**") and The Security Network Holding Corp., a Delaware corporation ("**Parent**") on one hand, and Universal Protection Service, LLC, a Delaware limited liability company ("**Purchaser**") on the other hand, with reference to the following Recitals:

### RECITALS

A. On or about August 9, 2013, Seller, Parent and Universal entered into that certain Asset Purchase Agreement dated August 9, 2013 with Seller and Parent as sellers and Purchaser as purchaser (the "**Agreement**"). Undefined terms in this Amendment have the same definitions set forth in the Agreement.

B. Seller, Parent and Universal desire to amend the Agreement on the terms set forth in this Amendment.

NOW THEREFORE, in consideration of the promises and the mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller, Parent and Universal agree as follows:

1. INCORPORATION OF RECITALS. The Parties incorporate Recitals A and B, and agree that said recitals are true and accurate.

2. AMENDMENT TO SECTION 1.1. The Definitions in Section 1.1 of the Agreement are hereby amended as follows:

   2.1 "Assumed Contracts" is hereby amended to read in its entirety: "Assumed Contracts" means the Assumed Customer Contracts (as amended by the Customer Contract Amendments), the Assumed Equipment Leases, and the Other Assumed Contracts.

   2.2 A new Definition is added as follows: "Other Assumed Contracts" means the Contracts set forth in Schedule 2.3(c), to the extent Purchaser elects to assume such contracts in accordance with Schedule 2.3.

3. AMENDMENT TO SECTION 2.1. Section 2.1 of the Agreement is amended to add the following as Assets to be acquired by Purchaser: "(i) all Nondisclosure Agreements and Confidentiality Agreements executed (as of or prior to the date hereof, or any time hereafter) in favor of Seller or any agent of Seller, by potential bidders for the Assets or any other transaction involving Seller, including without limitation the Nondisclosure Agreements and Confidentiality Agreements listed on Schedule 2.3(c).

4. AMENDMENT TO SECTION 2.3. Section 2.3 of the Agreement is amended as follows:

4.1 The first sentence of Section 2.3 is amended to read in its entirety: "Schedule 2.3(a), Schedule 2.3(b) and Schedule 2.3(c) hereto set forth the potential Assumed Customer Contracts, potential Assumed Equipment Leases and potential Other Assumed Contracts that Purchaser may elect to assume or request Seller to assume and assign to Purchaser at Closing."

4.2 The third sentence of Section 2.3 is amended to read in its entirety: "After execution of this Agreement, Purchaser may add to and remove from Schedules 2.3(a), 2.3(b) and 2.3(c) Assumed Customer Contracts, Assumed Equipment Leases, and Other Assumed Contracts, provided that no such changes to these Schedules shall result in a reduction of the Purchase Price, and provided further, that, as to any item(s) added, the assignment of such items shall not be a condition to Purchaser's obligation to close pursuant to Section 10 and 11 herein.

4.3 The sixth sentence of Section 2.3 is amended to ready in its entirety: "Up until the Closing, Purchaser may elect not to take assignment of any previously designated Assumed Customer Contracts, Assumed Equipment Leases, and Other Assumed Contracts."

4.4 Section 2.3(b) is amended to read in its entirety: "(b) all Cure Amounts, if any, with respect to the Assumed Equipment Leases and the Other Assumed Contracts."

5. **AMENDMENT OF SCHEDULES.** The table of Schedules in the Agreement is amended to add "Schedule 2.3(c) – Other Assumed Contracts", and Schedule 2.3(c) in the form appended to this Amendment is added to the Agreement.

6. **COUNTERPARTS.** This Agreement may be executed in multiple counterparts, each of which when so executed and delivered shall be deemed an original, and all of which, taken together, shall constitute but one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

IPC INTERNATIONAL CORPORATION

By: /s/ Howard L. Kaplan
Name: HOWARD L. KAPLAN
Its: PRES/CEO

THE SECURITY NETWORK HOLDING CORP.

By: /s/ Howard L. Kaplan
Name: HOWARD L. KAPLAN
Its: CHAIRMAN/PRES.

UNIVERSAL PROTECTION SERVICE

By: /s/ Steve Jones
Name: Steve Jones
Its: CEO

## SCHEDULE 2.3(C) – OTHER ASSUMED CONTRACTS/ADDITIONAL ASSETS

1. Confidentiality Agreement dated June 20, 2012, executed by Universal Protection Service, LP in favor of Livingstone Partners LLC acting as agent of Seller.

2. Confidentiality Agreement dated February 5, 2013, executed by Professional Security Consultants in favor of Livingstone Partners LLC acting as agent of Seller.

3. Confidentiality Agreement dated August 28, 2013, executed by U.S. Security Associates, Inc. in favor of Livingstone Partners LLC acting as agent of Seller.

4. Confidentiality Agreement dated September 3, 2013 executed by Allied Security Holdings LLC in favor of Livingstone Partners LLC acting as agent of Seller.

5. Confidentiality Agreement dated September 3, 2013 executed by Atlantic Street Capital in favor of Livingstone Partners LLC acting as agent of Seller.

6. Confidentiality Agreement dated September 3, 2013 executed by Invision Capital in favor of Livingstone Partners LLC acting as agent of Seller.

7. Confidentiality Agreement dated September 3, executed by Tamarix Associates, LLC in favor of Livingstone Partners LLC acting as agent of Seller.

8. Confidentiality Agreement dated June 25, 2012 executed by Great Range Capital, LLC in favor of Livingstone Partners LLC acting as agent of Seller.

9. Confidentiality Agreement dated June 28, 2012 executed by Sun Capital Partners Group V, LLC in favor of Livingstone Partners LLC acting as agent of Seller.

10. All of Seller and Parent's rights under the confidentiality provisions of the bylaws of the Official Committee of Unsecured Creditors appointed in Seller and Parent's chapter 11 cases pending before the United States Bankruptcy Court for the District of Delaware.