## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IPC International Corporation, *et al.*[1] | ) | Cases No. 13-12050 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## FIRST AMENDED JOINT PLAN OF LIQUIDATION OF IPC INTERNATIONAL CORPORATION AND THE SECURITY NETWORK HOLDINGS CORPORATION

**POTTER ANDERSON & CORROON LLP**
Jeremy W. Ryan (DE Bar No. 4057)
1313 North Market Street, Sixth Floor
Wilmington, DE 19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

*Co-Counsel for the Debtors and Debtors in Possession*

-and-

**PROSKAUER ROSE LLP**
Paul V. Possinger
Brandon W. Levitan
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Counsel for the Debtors and Debtors in Possession*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  IPC International Corporation (2698); and The Security Network Holdings Corporation (7985).  The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

The above captioned debtors and debtors-in-possession (together, the "Debtors") hereby file their First Amended Joint Plan of Liquidation of IPC International Corporation and the Security Network Holdings Corporation. **PLEASE REVIEW THIS DOCUMENT CAREFULLY AND CONSULT WITH YOUR LEGAL AND TAX ADVISORS AS APPROPRIATE.**

## Definitions of Terms Utilized in the Plan.

Unless the context otherwise requires or a term is defined within the Plan itself or in the Disclosure Statement for Debtors' Joint Plan of Liquidation (the "Disclosure Statement"), the following terms shall have the respective meanings set forth below, except as expressly provided otherwise.

**Administrative Claim:**  Any cost or expense of administration of the Cases allowed by the Bankruptcy Court pursuant to section 503(b) of the Bankruptcy Code, excluding Professional Fee Claims.

**Allowed Claim:**  Any Claim (i)(a) for which a proof of claim was timely Filed with the Bankruptcy Court by the Bar Date; or (b) that is listed in the Schedules and not listed as disputed, contingent or unliquidated as to amount, and, in either case, as to which no objection to the allowance thereof has been Filed by the Claim Objection Deadline; or (ii) which has otherwise been allowed by a Final Order; or (iv) Claims estimated under Section 502(c).  Unless otherwise specified in the Plan, an "Allowed Claim" shall not include: (i) untimely Filed Claims or Administrative Claims, (ii) interest on the principal amount of the Allowed Claim from and after the Petition Date, (iii) any punitive damages, or (iv) Claims which are Assumed Liabilities.

**Allowed Class . . . Claim:**  An Allowed Claim in the designated Class.

**APA:**  That certain Asset Purchase Agreement between the Debtors and Purchaser, dated August 9, 2013, as subsequently amended from time to time.

**Assets:**  Any and all right, title, and interest of any of the Debtors in and to property of whatever type or nature.

**Assumed Liabilities:**  Certain liabilities of the Debtors assumed by the Purchaser pursuant to the Sale Order and the APA.

**Avoidance Actions:**  Any and all actions, proceedings, accounts, controversies, agreements, promises, claims, and rights of each Debtor and its estate ("Causes of Action") to avoid or recover a transfer of property of any of the Debtors' estates or an interest of any of the Debtors in property, including, without limitation, actions arising under sections 506, 510, 541, 542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code and any other applicable federal or common law, including fraudulent transfers, whether or not litigation has been commenced with respect to such Causes of Action as of the Effective Date, except those Avoidance Actions previously waived by the Debtors pursuant to any Final Order or purchased by the Purchaser pursuant to the Sale Order.

**Balloting Agent:**  Kurtzman Carson Consultants, LLC, or such other entity determined by the Debtors in consultation with the Committee.

**Bankruptcy Code:**  Title 11 of the United States Code, as in effect on the Petition Date and as thereafter amended, if such amendments are made applicable to the Cases.

**Bankruptcy Court:**  The United States Bankruptcy Court for the District of Delaware, or in the event such court ceases to exercise jurisdiction over any Case, such court or adjunct thereof that exercises

jurisdiction over such Case in lieu of the United States Bankruptcy Court for the District of Delaware.

**Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure enacted pursuant to 28 U.S.C. § 2075, as they have been or may hereafter be amended.

**Bar Date:** The date(s) by which a proof of claim or request for payment of Administrative Claim must be Filed pursuant to the Revised Order Establishing the Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (D.I. 258). Specifically, December 16, 2013 (as to all pre-petition creditors other than Governmental Units) or February 7, 2014 (as to Governmental Units).

**Business Day:** Any day except a Saturday, Sunday or any day on which commercial banks in the State of Delaware are authorized or required by applicable law to close.

**Case:** With respect to each Debtor, the Chapter 11 case initiated by such Debtor's Filing on the Petition Date of a voluntary petition for relief in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code (collectively, the "Cases"). The Cases are being jointly administered in the Bankruptcy Court as Bankruptcy Case No. 13-12050 pursuant to the Order Directing Joint Administration of Chapter 11 Cases (D.I. 35), entered by the Bankruptcy Court on August 13, 2013.

**Cash:** Legal tender of the United States of America and equivalents thereof.

**Claim:** A claim, as defined in section 101(5) of the Bankruptcy Code, against one of the Debtors (or all or some of them) whether or not asserted and whether or not such claim becomes an Allowed Claim.

**Claim Objection Deadline:** means the date that is sixty (60) days from the Effective Date.

**Class:** A category of Claims or Interests designated pursuant to the Plan.

**Class . . . Claim/Interest:** The specific Class into which Claims or Interests are classified pursuant to the Plan.

**Closing Date:** November 25, 2013, the date on which the Debtors closed on the sale of substantially all of the Assets pursuant to the Sale Order.

**Combined Confirmation Hearing:** Collectively, the hearing or hearings held by the Bankruptcy Court on the adequacy of this Disclosure Statement and Confirmation of the Plan, as such hearing or hearings may be continued from time to time.

**Committee:** The official committee of unsecured creditors of the Debtors appointed by the United States Trustee in the Cases pursuant to section 1102 of the Bankruptcy Code as its composition may be changed from time to time by addition, resignation or removal of its members.

**Confirmation:** Entry by the Bankruptcy Court of the Confirmation Order.

**Confirmation Date:** The date upon which the Confirmation Order is entered by the Bankruptcy Court.

**Confirmation Order:** The Order of the Bankruptcy Court confirming the Plan.

**Creditor:** a Holder of a Claim.

**Debtor:**    Individually, IPC International Corporation and The Security Network Holdings Corporation, each of which is a Debtor in its Case.

**Disallowed:**   A Claim or any portion thereof that is not an Allowed Claim.

**Disputed Claim:**   Any Claim, (i) proof of which has been Filed and to which an objection to the allowance thereof has been Filed prior to the Claim Objection Deadline and such objection has not been either (a) determined by a Final Order or (b) resolved under a settlement approved by Final Order of the Bankruptcy Court pursuant to Bankruptcy Rule 9019; (ii) which was scheduled as contingent, unliquidated or disputed on the Debtors' Schedules; or (iii) which has not been otherwise allowed by the Bankruptcy Court.

**Distribution:**   Any distribution of the Liquidating Trust's Cash to the Record Holders of Allowed Claims in Class IV, in accordance with the terms of the Plan and the Liquidating Trust Agreement.

**Effective Date:**   The date upon which the Plan becomes effective in accordance with its terms.

**File, Filed or Filing:**   File, filed or filing with the Bankruptcy Court or its authorized designee in the Cases.

**Final Decree:**   The Order entered pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1 closing the Cases.

**Final Order:**   An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Case or the docket of any other court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari or move for a new trial, reargument or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument or rehearing has been denied or resulted in no modification of such order, provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be Filed with respect to such order, shall not cause such order not to be a Final Order.

**General Unsecured Claim:**   Any Claim against a Debtor that is not a Secured Claim, an Administrative Claim, a Priority Claim, a Priority Tax Claim, a Professional Fee Claim, an Intercompany Claim, or an Interest.

**General Liability Fund:**   The fund established for the benefit of certain of the Debtors' former customers pursuant to Section 5.12 of the APA.

**Holder:**   The Person that is the owner of record of a Claim or Interest, as applicable.

**Impaired:**   With respect to a Class of Claims or Interests, any Class that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**Intercompany Claim:**   Any Claim by a Debtor against another Debtor.

**Interest:**  Either (i) the legal, equitable, contractual or other rights of any Person with respect to the preferred or common stock, or any other equity interest in any of the Debtors, including any other interest in or right to convert into such equity interest or (ii) the legal, equitable, contractual or other right of any Person to acquire or receive any of the foregoing.

**Liquidating Trust:**  The Entity described in the Plan that will, as of the Effective Date, succeed to all of the Cash, accounts and other remaining Assets of the Estates subject to the terms of Plan and the Liquidating Trust Agreement.

**Liquidating Trust Account:**  An account of the Liquidating Trust that will hold all Cash of the Liquidating Trust.

**Liquidating Trust Agreement:** means that certain agreement establishing and delineating the terms and conditions of the Liquidating Trust in the form attached hereto as Exhibit B.

**Liquidating Trust Assets:**  All Assets held by the Debtors as of the Effective Date, including, without limitation, all Cash, Avoidance Actions and other Claims, and rights of setoff, and interests in any Policy, which shall be transferred to and deemed to vest in the Liquidating Trust on the Effective Date.

**Liquidating Trustee:**  means [          ], not individually, but solely as the trustee of the Liquidating Trust, or any of his successors and assigns.

**Local Rules:**  The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, as amended from time to time.

**Non-Tax Priority Claim:**  Any Claim entitled to priority under section 507 of the Bankruptcy Code other than an Unclassified Claim.

**Noticing Agent Website:** http://www.kccllc.net/ipc.

**Order:**  An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Case or the docket of any other court of competent jurisdiction.

**Person:** a person as defined in section 101(41) of the Bankruptcy Code.

**Petition Date:**  August 9, 2013, the date on which the Debtors Filed their respective petitions for relief in the Bankruptcy Court.

**Plan:**  The Debtors' Joint Plan of Liquidation, as the same may hereafter be amended or modified.

**Prepetition Credit Agreement:** That certain Credit Agreement dated as of August 31, 2009, as amended, supplemented or otherwise modified, by and among, on the one hand, The Security Network Holdings Corp., IPC International Corporation, Uniformity, Inc., IPC International Realty Company, LLC, and IPC Technologies Inc., as the borrowers, and, on the other hand, PrivateBank as administrative agent, syndication agent and documentation agent for the lenders, and as the sole lender.

**Prepetition Secured Lender Claim:** Means the Allowed Class I Claim of PrivateBank under the Prepetition Credit Agreement.

**Priority Claim:** A Claim that is entitled to priority under section 507(a) of the Bankruptcy Code, other than an Administrative Claim, a Professional Fee Claim or a Priority Tax Claim.

**Priority Tax Claim:** A Claim that is entitled to priority under section 507(a)(8) of the Bankruptcy Code.

**PrivateBank:** The PrivateBank and Trust Company.

**Professional:** Any professional employed in the Cases pursuant to sections 327, 328 or 1103 of the Bankruptcy Code or any Professional or other Person seeking compensation or reimbursement of expenses in connection with the Cases pursuant to section 503(b)(4) of the Bankruptcy Code.

**Professional Fee Claim:** A Claim of a Professional for compensation or reimbursement of costs and expenses relating to services performed from the Petition Date to the Effective Date.

**Professional Fee Claim Bar Date:** The date that is twenty-one (21) days after the Effective Date.

**Purchaser:** Universal Protection Services, LLC

**Record Date:** The Record Date shall be the date that the Plan is Filed.

**Record Holder:** The Holder of a Claim or Interest as of the Record Date.

**Sale Order:** The Order (A) Authorizing the Sale of Assets Free of Liens, Claims, Encumbrances, and Interests and (B) Authorizing and Approving the Assumption of Executory Contracts and Unexpired Leases in Connection with such Sale (D.I. 260), entered by the Bankruptcy Court on October 17, 2013.

**Scheduled Claim:** Any claim set forth on the Schedules.

**Schedules:** With respect to any Debtor, the Schedules of Assets and Liabilities Filed by such Debtor, as such Schedules may be amended from time to in accordance with Bankruptcy Rule 1009.

**Secured Claim:** Either (i) a Claim that is secured by a lien on property in which the Debtors have an interest, which lien is valid, perfected and enforceable under applicable law or pursuant to a Final Order, or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of a Creditor's interest in such property or to the extent of the amount subject to setoff, as applicable, all as determined pursuant to section 506(a) of the Bankruptcy Code; or (ii) a Claim which is Allowed under the Plan as a Secured Claim.

**Solicitation Procedures Order:** that certain Order of the Bankruptcy Court:  (i) setting a

combined hearing on the adequacy of this Disclosure Statement and Plan Confirmation; (ii) approving the form and manner of notice of the Combined Confirmation Hearing; (iii) approving procedures for the solicitation and tabulation of votes to accept or reject the Plan; and (iv) approving a deadline and procedures for objecting to the Disclosure Statement and Plan (D.I. [   ] ).

**Unclassified Claims:**  Claims that, pursuant to section 1123(a)(1) of the Bankruptcy Code, shall not be placed into a Class. Unclassified Claims include Administrative Claims, Professional Fee Claims and Priority Tax Claims.

**Unimpaired:**  With respect to a Class of Claims or Interests, any Class that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

**United States Trustee:**  The Office of the United States Trustee for Region 3.

**Voting Class(es):**  Class IV, which is Impaired and entitled to vote on the Plan.

### Article I
### TREATMENT AND CLASSIFICATION OF CLAIMS AND INTERESTS; IMPAIRMENT

The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, Confirmation and Distribution pursuant hereto and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

| Class | Type | Status Under Plan | Treatment | Estimated Aggregate Amount in Class ($) | Estimated Recovery of Class (%) |
|-------|------|-------------------|-----------|------------------------------------------|----------------------------------|
| I | Prepetition Secured Lender Claim | Unimpaired, Deemed to Accept | The Holder of the Allowed Prepetition Secured Lender Claim shall be paid by the Debtors the full amount of such Allowed Secured Claim in Cash on the Effective Date.  As of the date hereof, the Prepetition Secured Lender Claim has been paid in full. | $0 | 100% |
| II | Other Allowed Secured Claims | Unimpaired, Deemed to Accept | Each Holder of an Other Allowed Secured Claim shall be paid by the Debtors the full amount of such Allowed Secured Claim in Cash on the Effective Date, or satisfied by return of collateral or other agreement between such Holder and Liquidating Trustee if Allowed after the Effective Date. | $0 | 100% |
| III | Allowed Non-Tax Priority Claims | Unimpaired, Deemed to Accept | Each Holder of an  Allowed Priority Claim that has not been satisfied or is not an Assumed  Liability shall be paid by the Debtor the full amount  of such Allowed Priority Claim  in Cash on the Effective Date or on the date on which such Allowed Priority Claim becomes due and payable pursuant to the terms thereof,  the agreement upon which such Allowed Priority Claim is based, or any applicable Order of the Bankruptcy Court.  As of the date hereof, the Debtors believe that all Allowed Non-Tax Priority Claims have been paid in full pursuant to applicable Court order or from non-debtor assets. | $0 | 100% |

| Class | Type | Status Under Plan | Treatment | Estimated Aggregate Amount in Class ($) | Estimated Recovery of Class (%) |
|---|---|---|---|---|---|
| IV | Allowed General Unsecured Claims | Impaired, Entitled to Vote | The Record Holders of Allowed General Unsecured Claims shall share, on a pro-rata basis, in the net proceeds of assets transferred to the Liquidating Trust after satisfaction of all costs and expenses incurred by the Liquidating Trust in administering the Liquidating Trust Assets, which assets shall include, among other things, any remaining balance in the General Liability Fund after the satisfaction of all claims that would be entitled to payment from the General Liability Fund, pursuant to Section 5.12 of the APA between Purchaser and the Debtors. | $115,000.00 | 1.5-3.0% |
| V | Inter-company Claims | Impaired, Deemed to Reject | Holders of Claims in this Class will not receive any recovery on their Claims. | $0 | 0% |
| VI | Interests | Impaired, Deemed to Reject | Shareholders of the Debtors will retain no ownership interests in the Debtors under the Plan and such Interests shall be cancelled effective as of the Effective Date. | n/a | 0% |

1.1    **Allowed Unclassified Claims.** Each Holder of an Allowed Unclassified Claim that has not been satisfied previously or is not an Assumed Liability shall be paid by the Debtor the full amount of such Allowed Unclassified Claim, in Cash on or before the Effective Date or on the date on which such Allowed Unclassified Claim becomes due and payable pursuant to the terms thereof, the agreement upon which such Allowed Unclassified Claim is based, or any applicable Order of the Bankruptcy Court.

1.2    **Special Provision Governing Claims.** Nothing under this Plan shall affect the Debtors' rights and defenses in respect of any Claim, including all rights in respect of legal and equitable defenses to or setoffs or recoupment against such Claims.

1.3    **Cancellation of Claims and Interests.** Except as otherwise set forth in this Plan, and except for purposes of evidencing a right to the Distribution, on the Effective Date, all agreements and other documents evidencing the Claims or rights of any Creditor against the Debtors, including all notes, guarantees, mortgages, and all Interests shall be cancelled.

<u>Article II</u>
**IMPLEMENTATION AND EXECUTION OF THE PLAN**

2.1    **Effective Date.** The Plan shall become effective on the date which is the first Business Day on which each condition set forth in Article IV of the Plan has been satisfied or waived by the Debtors and the Committee as set forth therein.

2.2    **Implementation of the Plan.** The Plan will be implemented through the establishment of the Liquidating Trust pursuant to the execution of a Liquidating Trust Agreement in substantially the form attached to the Disclosure Statement as **Exhibit B**.

2.3    **Formation of the Liquidating Trust.** On the Effective Date, the Liquidating Trust shall be established pursuant to the Liquidating Trust Agreement for the purposes of, among other things: (a) resolving all Disputed Claims, and (b) making all Distributions to the beneficiaries provided for under

the Plan. The Liquidating Trust is intended to qualify as a liquidating trust pursuant to United States Treasury Regulation Article 301.7701-4(d).

2.4    **Appointment of Liquidating Trustee**. As of the Effective Date, the Liquidating Trustee shall be authorized to take all actions consistent with the Plan, the Liquidating Trust Agreement, and applicable law.

2.5    **Funding of the Liquidating Trust.** On the Effective Date, the Debtors shall transfer all Cash of the Estates to the Liquidating Trust Account and those funds shall vest automatically in the Liquidating Trust.

On the Effective Date, all other Liquidating Trust Assets of the Estates, **including, without limitation**, all Avoidance Actions and other Claims, and rights of setoff, and interests in any Policy, shall be deemed to be transferred to the Liquidating Trust. The Debtors may, to the extent desirable or helpful, execute any contribution, assignment or other agreement memorializing the transfer of Liquidating Trust Assets to the Liquidating Trust. On and after the Effective Date, the Debtors and the Liquidating Trustee shall take all steps necessary to transfer all Liquidating Trust Assets of the Estates to the Liquidating Trust.

The Plan shall be considered a motion pursuant to sections 105, 363 and 365 of the Bankruptcy Code for authority to effectuate the transfers and related actions set forth immediately above. The Liquidating Trust Assets will be treated for tax purposes as being transferred by the Estates to the Holders of Allowed Class IV Claims (the "Beneficiaries") pursuant to the Plan in exchange for their Allowed Claims and then by the Holders of Allowed Class IV Claims to the Liquidating Trust in exchange for beneficial interests in the Liquidating Trust. The Beneficiaries shall be treated as the grantors and owners of the Liquidating Trust. Upon the transfer of the assets to the Liquidating Trust, the Liquidating Trust shall succeed to all of the Debtors' right, title and interest in the Liquidating Trust and neither the Debtors nor the Estates will have any further interest in or with respect to the Liquidating Trust.

2.6    **Rights and Powers of the Liquidating Trustee.** The Liquidating Trustee shall be deemed the Estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and the rights and powers set forth in the Plan and the Liquidating Trust Agreement, including, without limitation, but subject to the authority of the Bankruptcy Court as set forth in the Liquidating Trust Agreement, the rights to: (1) effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan and the Liquidating Trust Agreement; (2) establish and administer the Liquidating Trust Account and any necessary reserves for Disputed Claims or other Claims; (3) object to Disputed Claims and prosecute, settle, compromise, withdraw or resolve in any manner approved by the Bankruptcy Court such objections; (4) employ and compensate professionals and other agents, provided, however, that any such compensation shall be made only out of the assets of the Liquidating Trust, to the extent not inconsistent with the status of the Liquidating Trust as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) for federal income tax purposes; (5) conduct examinations in accordance with Bankruptcy Rules 2004 or 7001 *et seq.* or otherwise in accordance with applicable law; (6) prosecute any and all causes of action, including Avoidance Actions, to the extent not otherwise settled or released in accordance with this Plan; (7) file customary quarterly reports with the Bankruptcy Court within forty-five (45) days of the end of the applicable quarterly period and serve copies of such reports on Persons requesting notice thereof; (8) pay quarterly fees when due to the Office of the U.S. Trustee until the earliest to occur of the Chapter 11 Cases being closed, converted or dismissed; and (9) sell, abandon, allow to lapse or otherwise use Policies.

The Plan shall be considered a motion for authority to destroy and/or abandon property of the Estates. Without further order of the Bankruptcy Court (other than the Confirmation Order), the Liquidating Trustee may: (i) in his sole and absolute discretion, retain or destroy documents, files and records of the Estates; and (ii) abandon property of the Estates that he deems burdensome or of immaterial value to the Estates or the Liquidating Trust.

2.7     **Fees and Expenses of the Liquidating Trust.** Liquidating Trust Expenses incurred on or after the Effective Date may be paid by the Liquidating Trustee from the Liquidating Trust in accordance with the Liquidating Trust Agreement without further order of the Bankruptcy Court.

2.8     **Term of Injunctions or Stays.** Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

2.9     **Dissolution of the Debtors.** On the Effective Date or as soon thereafter as is reasonably practicable, the affairs of the Debtors may be wound up and the Debtors may be dissolved at any time without the need for any further action or approval; provided, however, that the entry of the Final Decree in these Cases shall effect such dissolution of all remaining Debtors to the extent permissible under applicable law. Further, any charter of the Debtors shall include a provision prohibiting the issuance of nonvoting equity securities and providing, as to any classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any equity securities have preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends.

2.10    **Directors and Officers.** Howard Kaplan is currently the sole member of the board of directors and sole officer of each of the Debtors. Mr. Kaplan will serve in such capacities until the Effective Date, at which time he shall be deemed to have resigned all such positions with the Debtors and the Liquidating Trustee shall become the sole representative of the Estates.

2.11    **Substantive Consolidation**. For the purposes of the Cases and the Plan only, all Assets of and Claims against the Debtors will be deemed to be substantively consolidated. As a result, Claims filed against multiple Debtors seeking recovery of the same debt shall only receive a single Distribution from the consolidated Debtors' estates to the extent such Claim is an Allowed Claim. Claims of Debtors against other Debtors will be disregarded for both voting and distribution purposes.

2.12    **Records.** Pursuant to section 554 of the Bankruptcy Code, and at the direction and discretion of the Liquidating Trustee, the Debtors shall be authorized to abandon all originals and/or copies of documents and business records.

2.13    **Effectuating Documents.** The officers and directors of each Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such other actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

2.14    **Objections to Claims.** Except as provided herein and in section 3.2 of the Plan, any objection to the allowance of a Claim not Filed by the Claim Objection Deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim Filed by the Holder of such Claim. Notwithstanding anything to the contrary in the Plan, neither the Debtors nor, after the Effective Date, the Liquidating Trustee shall be required to make a distribution on any Disputed Claim

until such Disputed Claim becomes Allowed or Disallowed in full or in part, either by (i) agreement between counsel to the Committee and the Record Holder of the Disputed Claim or (ii) by Final Order.

2.15    **No Discharge.**  For the avoidance of doubt, in accordance with section 1141(d)(3) this Plan does not provide for the discharge of the Debtors.

**Article III**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

3.1    **Background.**  The Debtors believe that all executory contracts and unexpired leases of the Debtors were assumed and assigned, or rejected or otherwise terminated or expired, during the pendency of the Cases. Article III of the Plan is included out of an abundance of caution.

3.2    **Executory Contracts and Unexpired Leases.**  All executory contracts and unexpired leases of the Debtors which are not assumed and assigned, or rejected, prior to the Effective Date shall be deemed rejected. Any Creditor asserting a claim for monetary damages as a result of the rejection of an executory contract or unexpired lease shall file a proof of claim substantially in the form of Official Form 10 with the clerk of the Bankruptcy Court (a "Rejection Claim"), and serve it upon Debtors' counsel and the Committee's counsel by overnight mail within thirty (30) days following the Effective Date.

3.3    **Rejection Claims.**  If no Rejection Claims are filed pursuant to section 3.2 of the Plan, such Claims, if any, shall be forever disallowed and barred. If one or more Rejection Claims are filed pursuant to section 3.2 of the Plan, notwithstanding section 2.9 of the Plan, the Committee may File one or more objections to any Rejection Claims Filed pursuant to section 3.2 of the Plan, and serve it upon the claimant, the claimant's counsel, if any, and Debtors' counsel by overnight mail within sixty days (60) days following the Effective Date. If a Rejection Claim is determined to be Allowed, the date of such determination shall be deemed to be the Record Date and the Holder of the Claim on the date of such determination shall be deemed to be the Record Holder of such Claim. If a Rejection Claim becomes Allowed, in full or in part, such Claim shall be a Class III Claim to the extent such Claim becomes Allowed and the Record Holder of such Claim shall receive a Distribution as set forth in sections 2.2 and 2.3 of the Plan.

**Article IV**
**CONDITIONS PRECEDENT TO CONFIRMATION**
**AND CONSUMMATION OF THE PLAN**

4.1    **Conditions to Confirmation.**  Entry of a Confirmation Order by the Bankruptcy Court that is in form and substance reasonably satisfactory to the Debtors and the Committee shall be a condition precedent to confirmation of the Plan, unless duly waived in accordance with section 4.3 of the Plan.

4.2    **Conditions to the Effective Date.**  The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions has been satisfied or duly waived pursuant to section 4.3 of the Plan: (i) the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably satisfactory to the Debtors and the Committee; (ii) the Confirmation Order shall have become a Final Order; (iii) the Debtors and Liquidating Trustee shall have executed the Liquidating Trust Agreement; and (iv) all remaining Cash has been transferred into the Liquidating Trust Account.

4.3    **Waiver of Conditions to Confirmation or the Effective Date.**  The conditions to Confirmation and the conditions to the Effective Date set forth in sections 4.1 and 4.2 of the Plan may be waived in whole or part in writing by the Debtors and the Committee at any time without further Order.

4.4    **Effect of Nonoccurrence of Conditions to the Effective Date.**  If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with sections 4.1, 4.2, and 4.3 of the Plan, then upon motion by the Debtors made before the time that each of such conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order shall be vacated by the Bankruptcy Court; provided, however, that, notwithstanding the filing of such motion, the Confirmation Order may not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Bankruptcy Court enters an order granting such motion.  If the Confirmation Order is vacated pursuant to this section 4.4, (i) the Plan shall be null and void in all respects; and (ii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims by or against, or any Interest in, the Debtors or (b) prejudice in any manner the rights of the Debtors or any other party in interest.

## Article V
## MISCELLANEOUS PROVISIONS

5.1    **Binding Effect of the Plan.**  The provisions of the Plan shall be binding upon all parties to the Plan and inure to the benefit of the Debtors' estates and their respective predecessors, successors, assigns, agents, officers and directors. The terms of the Plan shall be enforceable against the Debtors, their Creditors and all parties-in-interest.

5.2    **Retention of Jurisdiction.**    Following the Confirmation Date and the Effective Date, the Bankruptcy Court shall retain jurisdiction over the provisions of this Plan including those related to Disputed Claims, Rejection Claims, and Professional Fee Claims, and over all disputes and litigation that are pending on the Confirmation Date, and any controversies that may arise hereafter, which would affect the Debtors' or the Liquidating Trustee's ability to carry out the Plan, until all such disputes and litigation shall be concluded and the Plan shall be fully consummated. Further, the Bankruptcy Court shall retain jurisdiction over the Distribution and the Returned Distribution and any related issues which may arise.

5.3    **Reservation of Rights.**    The right of the Office of the United States Trustee to object to claims, including any administrative claims, is specifically reserved.

5.4    **Governing Law**.  Except as mandated by the Bankruptcy Code or Bankruptcy Rules, as applicable, the rights and obligations arising under the Plan shall be governed by, construed and enforced in accordance with the laws of the State of Delaware.

5.5    **Headings.**  The headings of articles, paragraphs, and subparagraphs of the Plan are inserted for convenience only and shall not affect the interpretation of any provision of the Plan.

5.6    **Time.**  Whenever the time for the occurrence or happening of an event as set forth in this Plan falls on a day that is not a Business Day, then the time for the occurrence or happening of said event shall be extended to the next day that is a Business Day.

5.7    **Severability.**  Should any provision of the Plan be determined to be unenforceable after the Effective Date such determination shall in no way limit or affect the enforceability and operative effect of any and all of the other provisions of the Plan.

5.8    **Revocation.**  The Debtors reserve the right to revoke and withdraw the Plan prior to the entry of a Confirmation Order with the consent of the Committee.  If the Debtors revoke or withdraw the Plan, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or

release of any Claims by or against the Debtors, any other Person, or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtors.

5.9 **Plan Controls.** In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence. In the event of any inconsistency between any provision of any of the foregoing documents, and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

5.10 **Statutory Fees.** The Debtors shall pay all fees payable pursuant to 28 U.S.C. § 1930 in accordance with the terms of that statute. Specifically, all quarterly fees shall be paid in full on the Effective Date and thereafter until these cases are closed, dismissed or converted.

5.11 **Dissolution of the Committee.** On the Effective Date, the Committee shall be dissolved and their members shall be deemed released of any continuing duties, responsibilities and obligations in connection with the Cases or the Plan and its implementation, and the retention and employment of the Committee's attorneys, accountants and other agents shall terminate.

5.12 **Claims Agent.** The Balloting Agent, in its capacity as claims, noticing and balloting agent shall be relieved of such duties on the date of the entry of the Final Decree or upon written notice by the Debtors.

5.13 **Exculpation and Limitation of Liability. The Debtors, the Committee, the members of the Committee, solely in their capacity as such, any of such parties' respective current and/or post-Petition Date and pre-Effective Date members, officers, directors, or employees, the professionals that the Court authorized the Debtors and the Committee to retain in these cases, and any of such parties' successors and assigns, shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability to one another or to any Holder of any Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Cases, the negotiation and Filing of this Plan, the Filing of the Cases, the settlement of Claims or renegotiation of executory contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or gross negligence (as determined by Final Order of a court of competent jurisdiction) or any obligations that they have under or in connection with this Plan or the transactions contemplated in this Plan, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.**

**Article VI**
**FINAL FEE HEARING AND FINAL DECREE**

6.1 **The Professional Fee Claim Bar Date.** Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtors, counsel to the Committee, counsel to the Purchaser, the United States Trustee, and all Persons on the Debtors' Bankruptcy Rule 2002 service list on or before the Professional Fee Claim Bar Date.

6.2 **Final Fee Hearing.** A hearing on final allowance of Professional Fee Claims (the "Final Fee Hearing") shall be held as soon as practicable after the Professional Fee Claim Bar Date. Debtors' counsel shall File a notice of the Final Fee Hearing. Such notice shall be posted on the Noticing Agent Website, and served upon counsel for the Committee, counsel for the Purchaser, all Professionals, the United States Trustee and all parties on the Debtors' Bankruptcy Rule 2002 service list.

6.3     **Final Decree.**   Subsequent to the Effective Date, any Distribution, and the Final Fee Hearing, Debtors' counsel shall a motion requesting the entry of the Final Decree.   At least two weeks before the hearing on any such motion, the Debtors shall file a final report.

**Article VII**
**REQUEST FOR CONFIRMATION**

7.1     **Request for Confirmation.**   The Debtors request confirmation of this Plan in accordance with section 1129(a) and/or section 1129(b) of the Bankruptcy Code.

IN WITNESS WHEREOF, the Proponents have executed this Plan this 28th day of April, 2015

> IPC INTERNATIONAL CORPORATION and
> THE SECURITY NETWORK HOLDINGS
> CORPORATION
>
> By: /s/Howard Kaplan_____
>     Name: Howard Kaplan
>     Title: President and Sole Director