IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| IPC International Corporation, *et al.*[1] | ) | |
| | ) | Case No. 13-12050 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket Nos. 818, 860, 861, 872, 876 and 946** |

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING
FIRST AMENDED JOINT PLAN OF LIQUIDATION OF IPC INTERNATIONAL
CORPORATION AND THE SECURITY NETWORK HOLDINGS CORPORATION

Upon consideration of the First Amended Joint Plan of Liquidation of IPC International

Corporation and The Security Network Holdings Corporation [D.I. 861] (including all exhibits

thereto and as amended, modified or supplemented from time to time, the "Plan") filed by the

above-captioned debtors and debtors-in-possession (together, the "Debtors"); and the *Disclosure*

*Statement for Debtors' First Amended Joint Plan of Liquidation* [Docket No. 860] (including all

exhibits thereto and as amended, modified or supplemented in the Notice filed at Docket No. 872

and from time to time, the "Disclosure Statement"), the *Motion for Entry of an Order (A)*

*Approving and Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement*

*and Plan Confirmation; (B) Approving Form and Manner of Notice of Confirmation Hearing;*

*(C) Approving Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the*

*Plan; (D) Approving Deadline and Procedures for Filing Objections to the Plan and Disclosure*

*Statement and (E) Granting Related Relief* [D.I. 818] (the "Solicitation Procedures Motion") and

approved by Order of the Court dated May 28, 2015 [Docket No. 876] (the "Solicitation

Procedures Order"); and the affidavits of service filed herein reflecting compliance with the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: IPC International Corporation (2698); and The Security Network Holdings Corporation (7985). The address of each of the Debtors is 2111 Waukegan Road, Bannockburn, IL 60015.

notice and solicitation requirements of the Solicitation Procedures Order; and the *Certification of Jeffrey R. Miller with Respect to the Tabulation of Votes on the First Amended Joint Plan of Liquidation of IPC International Corporation and The Security Network Holdings Corporation* sworn to on July 7, 2015 (the "<u>Voting Declaration</u>"); and upon the *Declaration of Constadinos D. Tsitsis of Silverman Consulting Group, Inc. in Support of Confirmation of the Debtors' First Amended Joint Plan of Liquidation of IPC International Corporation and The Security Network Holdings Corporation* (the "<u>Tsitsis Declaration</u>") filed with the Court on July 8, 2015; and a Combined Confirmation Hearing[2] having been held on July 10, 2015; and upon the evidence adduced and proffered and the statements of counsel made at the Combined Confirmation Hearing; and the Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record compiled in these chapter 11 cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefore; the Court hereby makes the following:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.    The Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code.

B.      <u>Commencement of the Cases</u>.    On the Petition Date, the Debtors commenced these cases under chapter 11 of the Bankruptcy Code.  The Debtors have operated their business

---

[2]      Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan and the Disclosure Statement.

and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

C.       Judicial Notice. The Court takes judicial notice of the docket in these Chapter ases maintained by the clerk of this Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Bankruptcy Court during these Cases, including, without limitation, the Combined Confirmation Hearing (collectively, the "Record").

D.       Burden of Proof. The Debtors, as proponents of the Plan, have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtors have met that burden.

E.       Notice; Transmittal and Mailing of Materials. Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Combined Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan and the Disclosure Statement has been given to all known holders of Claims and Interests substantially in accordance with the procedures set forth in the Solicitation Procedures Order, and no other or further notice is or shall be required;

F.       The Disclosure Statement, Plan, Ballots and Solicitation Procedures Order were transmitted and served in compliance with the Solicitation Procedures Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient, and no further notice is or shall be required. All procedures used to distribute the Solicitation Packages were fair, and conducted in accordance with the Solicitation Procedures Order, Bankruptcy Code and the Bankruptcy Rules and all other applicable rules, laws and regulations;

3

G.    Adequate and sufficient notice of the Combined Confirmation Hearing and other bar dates described in the Solicitation Procedures Order and the Plan have been given in compliance with the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required; and

H.    The filing with the Court and service of the Plan and the disclosure of any further modifications on the record of the Combined Confirmation Hearing, constitute due and sufficient notice of the Plan and all later modifications thereto.

I.    Good Faith Solicitation. The Debtors and their agents, representatives, attorneys, and advisors, and other Persons involved in the solicitation process have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Solicitation Procedures Order and the Solicitation Procedures and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 5.13 of the Plan.

J.    Votes to accept and reject the Plan were solicited fairly, in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Procedures Order and all other applicable statutes, rules, laws and regulations.

K.    Voting.    Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Voting Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

L.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). As set forth below and as demonstrated by the Record, the Plan complies with all relevant sections of the

4

Bankruptcy Code, Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Plan. In particular, the Plan complies with all of the requirements of section 1129(a)(1) of the Bankruptcy Code.

M.    Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)). In addition to Priority Claims that need not be classified, the Plan classifies six Classes of Claims and Interests. The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. The Plan's classifications conform to the statute and separately classify claims based on valid business and legal reasons. The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Interest in the Debtors' Estates and was not proposed to create a consenting impaired class and, thereby, manipulate class voting. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

N.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code. Article I of the Plan specifies that Administrative Claims, Professional Fee Claims, and Priority Tax Claims are unimpaired and these Claims are not classified. Article I of the Plan also specifies that Classes I, II, and III are unimpaired under the Plan.

O.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article I of the Plan designates Class IV (Allowed General Unsecured Claims) as Impaired, and it specifies treatment of all of these Classes of Claims and Interests under the Plan. Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

P.      No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment.  Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

Q.      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan and the various documents and agreements set forth and described in the Plan, including the Liquidating Trust Agreement provide adequate and proper means for the Plan's implementation.  Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

R.      Voting Power of Equity Securities.  The Plan, as a plan of liquidation, contemplates that all interests of the Debtors shall be cancelled as of the Effective Date.  As a result thereof, the Debtors have complied with section 1123(a)(6) of the Bankruptcy Code .

S.      Discretionary Contents of the Plan.  The Plan contains various provisions that may be construed as discretionary and are not required for confirmation under the Bankruptcy Code.  As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are appropriate and consistent with the applicable provisions of the Bankruptcy Code.  As a result, section 1123(b) of the Bankruptcy Code is satisfied.

T.      Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)).  Article V of the Plan provides for the rejection of all remaining executory contracts and unexpired leases of the Debtors except as set forth in Section 3.2 of the Plan.

U.      Release, Exculpation and Injunction (11 U.S.C. § 1123(b)(3)).  The exculpation provision set forth in Section 5.13 of the Plan constitutes a good faith compromises and settlements of the matters covered thereby.

V.    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

W.    Bankruptcy Rule 3016(a). The Plan reflects the date it was filed with the Court and identifies the entity submitting it as a plan proponent. Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

X.    Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of title 11, including, specifically, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019. Furthermore, the solicitation of acceptances or rejections of the Plan: (i) complied with the Solicitation Procedures Order and (ii) complied with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation. Moreover, the Disclosure Statement provided disclosure of "adequate information" to holders of Claims or Interests, as section 1125(a) of the Bankruptcy Code defines that term. Accordingly, the Debtors and their respective directors, officers, employees, agents, members, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

Y.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan complies fully with the requirements of section 1129(a)(3) of the Bankruptcy Code. Having examined the totality of the circumstances surrounding the Plan, this Bankruptcy Court has determined that the Plan was proposed in good faith and not by any means forbidden by law. The Plan is the result of extensive arms'-length discussions, debate and/or negotiations among the Committee and the Debtors and is supported by many General Unsecured Creditors in these Cases. It is clear that

the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estates and to effectuate a liquidation of the Debtors.

Z.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of, the Court as reasonable.  Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

AA.    Disclosure and Identity of Proposed Management (11 U.S.C. § 1129(a)(5)).  The requirements of Bankruptcy Code section 1129(a)(5) are not applicable to the Plan, as the Debtors are liquidating and will have no directors, officers or employees, upon the occurrence of the Effective Date.  As a result, the requirements of section 1129(a)(5)(A) and (B) of the Bankruptcy Code have been satisfied.

BB.    Approval of Rate Changes (11 U.S.C. § 1129(a)(6)).  The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors are liquidating.

CC.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan complies fully with the requirements of section 1129(a)(7) of the Bankruptcy Code.  As set forth fully in the Tsitsis Declaration in support of confirmation, the "best interests" test is satisfied as to all impaired classes of Claims and Interests.  Furthermore, a liquidation under chapter 7 would adversely affect the ultimate proceeds available for distribution to all holders of Allowed Claims in the Cases.  Moreover, the increased costs associated with a liquidation under chapter 7 would substantially reduce the proceeds available for distribution.  These costs would include, among

8

other things, administrative fees and costs payable to a chapter trustee and professional advisors to such trustee. In the context of the erosion of the asset values and the increased costs and delay associated with the administration of a chapter 7 case, confirmation of the Plan provides each rejecting creditor and interest holder with a recovery that is not less than such holder would receive in a chapter 7 liquidation of the Debtors. Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. Therefore, the "best interests" test is satisfied with respect to each of these classes.

DD.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes I, II, and III are not impaired under the Plan and therefore are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. As set forth in the Voting Declaration, Class IV voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Classes V and VI are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes V and VI, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to Classes V and VI. Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Class.

EE.    Treatment of Claims Entitled to Priority (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims and Professional Fee Claims pursuant to Section 1.1 of the Plan satisfies the requirements of sections 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 1.1 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

FF. <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>. The Plan complies fully with the requirements of section 1129(a)(10) of the Bankruptcy Code. At least one class of impaired creditors accepted the Plan. Specifically, Class IV has voted to accept the Plan.

GG. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The evidence proffered or adduced at, or prior to the Confirmation Hearing and in the Tsitsis Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; and (d) establishes that the Debtors will have sufficient funds to satisfy their obligations under the Plan. As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

HH. <u>Payment of Fees  (11 U.S.C. § 1129(a)(12))</u>. In accordance with 1129(a)(12) of the Bankruptcy Code, Section 5.10 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a). As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

II. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Section 1129(a)(13) does not apply in these Cases because the Debtors have no further obligations to pay any retiree benefits as contemplated by section 1129(a)(13).

JJ. <u>Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16))</u>. Sections 1129(a)(14)-(16) are inapplicable as the Debtors (i) have no domestic support obligations (1129(a)(14)), (ii) are not individuals (1129(a)(15)) and (iii) are for-profit businesses (1129(a)(16)).

KK. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. The Plan does not discriminate unfairly and is fair and equitable to each Class of Claims or Interests that has not accepted the Plan. Further, within their respective Classes, there exists no unfair

discrimination of any of the holders of Claims or Interests. Finally, the Plan does not violate the "absolute priority" rule contained in section 1129(b)(2) of the Bankruptcy Code.

LL.    Only One Plan (11 U.S.C. § 1129(c)). The Plan (including any previous versions thereof) is the only plan of liquidation filed in these Cases. Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

MM.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

NN.    Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

OO.    Implementation. The Liquidating Trust Agreement and all other relevant and necessary documents described in the Plan, have been negotiated in good faith at arm's length, are in the best interests of the Debtors and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

PP.    Good Faith. The Debtors and the Committee will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby in accordance with the Plan and this Confirmation Order and (b) take the actions authorized and directed by this Confirmation Order.

QQ.    Rejection of Executory Contracts and Unexpired Leases. Except as otherwise set forth in Section 3.2 of the Plan, the entry of this Confirmation Order shall constitute approval of

the rejection of any and all Executory Contracts and unexpired leases not previously assumed by the Debtors and approved by this Court.

      RR.    <u>Transfers by Debtors; Vesting of Assets</u>.  All transfers of property of the Estates, including, without limitation, the transfer of the Liquidating Trust Assets to the Liquidating Trust, shall be free and clear of all Liens, charges, Claims, encumbrances and other Interests, except as expressly provided in the Plan or this Confirmation Order.  Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors shall vest in the Liquidating Trust or its successors or assigns, as the case may be, free and clear of all Liens, charges, Claims, encumbrances and other Interests, except as expressly provided in the Plan or this Confirmation Order.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

      SS.    <u>Satisfaction of Conditions Precedent to Confirmation</u>.  The conditions to Confirmation set forth in Section 4.1 of the Plan have been satisfied, waived or will be satisfied by entry of the Confirmation Order.

      TT.    <u>Conditions to Consummation</u>.  The conditions to the Effective Date are set forth in Section 4.2 of the Plan.  Such conditions may be waived at any time by a writing signed by the Committee and the Debtors, in accordance with Section 6.3 of the Plan.

      UU.    <u>Retention of Jurisdiction</u>.  The Court properly may retain jurisdiction over the matters set forth in Section 5.2 of the Plan.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The findings of this Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, which is applicable to this matter by virtue of Bankruptcy Rule 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

2.      The Confirmation Order shall and does approve the adequacy of the Disclosure Statement and confirm the Plan. The Plan is approved and confirmed under section 1129 of the Bankruptcy Code.

3.      All objections that have not been withdrawn, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

4.      The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and, by this Confirmation Order, is approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

5.      The record of the Combined Confirmation Hearing is closed.

6.      Notice of the Combined Confirmation Hearing complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based on the circumstances of the Cases and was in compliance with the Bankruptcy Code and the Bankruptcy Rules. The solicitation of votes on the Plan complied with the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Cases and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Notice of the Liquidating Trust Agreement and all related documents was appropriate and satisfactory based upon the

circumstances of the Cases and was in compliance with the provisions of the Solicitation Procedures Order, the Plan, the Bankruptcy Code and the Bankruptcy Rules.

7.      All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

8.      The treatment of all Claims and Interests as provided in the Plan shall be, and hereby is, approved.

9.      The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes; (d) may not be relied upon by any creditor as evidence that the Claim is or will become an Allowed Claim; and (e) shall not bind the Debtors or the Liquidating Trustee.

10.     Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual and equitable rights (including any liens) that each entity holding a Claim or interest may have in or against the Debtors or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have otherwise had in or against the Debtors or their respective property.

11.    The Court finds that the Plan satisfies all of the elements required by section 1129 of the Bankruptcy Code. To the extent that any Class was impaired under the Plan and did not vote to accept the Plan, the Court finds that the Plan satisfies the "cramdown" requirements of section 1129(b) of the Bankruptcy Code with respect to such Class.

12.    The Plan is confirmed pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

13.    All persons required to receive notice of the Disclosure Statement, the Plan and the Combined Confirmation Hearing have received proper, timely and adequate notice in accordance with the Solicitation Procedures Order and have had an opportunity to appear and be heard with respect thereto.

14.    The Debtors, the Committee, and the Liquidating Trustee are authorized to execute and deliver any and all documents and instruments and take any and all action necessary or desirable to implement the Plan and this Confirmation Order and to effect any other transactions contemplated therein or thereby. To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors are authorized, without further notice or application to or order of the Court to execute, deliver, file or record such agreements or documents and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order. To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the boards of directors of the Debtors, this Confirmation Order constitutes such consent and approval.

15. The Debtors shall remain Debtors-in-Possession under the Bankruptcy Code until the Effective Date. The Liquidating Trustee shall wind-up the affairs of the Debtors and may make distributions to creditors in accordance with the Plan and the Liquidating Trust Agreement.

16. On the Effective Date, the authority, power and incumbency of the persons then acting as directors, managers and officers of the Debtors shall be terminated and such directors, managers and officers shall be deemed to have resigned or to have been removed without cause.

17. On the Effective Date, the Debtors shall be deemed to have been dissolved as a legal entity to the extent permissible under applicable federal and state law, without the need for any further action by the Court or any Entity.

18. Except as set forth in Section 3.2 of the Plan, any and all executory contracts and unexpired leases of the Debtors not previously rejected by the Debtors, unless specifically assumed pursuant to the Bankruptcy Code prior to the date hereof or the subject of a motion to assume or assume and assign pending on the date hereof, shall be deemed rejected by the Debtors, effective as of the Effective Date.

19. On the Effective Date of the Plan, the Committee shall be dissolved as provided by Section 5.11 of the Plan.

20. All fees payable pursuant to section 1930 of title 28 of the United States Code on or prior to the Effective Date, and thereafter as may be required, shall be paid on the later of when due or the Effective Date, or as soon thereafter as practicable.

21. This Order shall constitute all disclosures and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or

appropriate for the implementation or consummation of the Plan, including but not limited to section 303 of Title 8 of the Delaware Code.

22.    Pursuant to section 1146(a) of the Bankruptcy Code, neither the making nor delivery of an instrument of transfer, nor the revesting, transfer and sale of any real property or personal property of the Debtors in accordance with the Plan, shall subject the Debtors to any state or local law imposing a stamp tax, transfer tax or similar tax or fee. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

23.    The Court hereby retains jurisdiction of the Cases and all matters arising under, arising out of, or related to, the Cases and the Plan (i) as provided for in the Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

24.    Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule provides otherwise, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

25.    The exculpation provision contained in Section 5.13 the Plan is hereby authorized and approved in its entirety.

26.    Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

27.    The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability on such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

28.    The period in which an appeal of this Confirmation Order must be filed shall commence upon the entry of this Order.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts, obligations, or liens incurred, undertaken or granted pursuant to, or in connection with the Plan prior to the Debtors' receipt of written notice of such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act, obligation, or lien incurred, undertaken or granted pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents.  Any act or obligation undertaken or incurred prior to a vacatur or modification of this Confirmation Order shall be governed by the Plan and this Confirmation Order.

29.    Pursuant to section 1141 and the other applicable provisions of the Bankruptcy Code, effective as of the Effective Date, the provisions of the Plan (including the exhibits and

schedules to, and all documents and agreements executed pursuant to or in connection with, the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) the Liquidating Trustee, (c) the Committee; (d) all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (e) each Person receiving, retaining or otherwise acquiring property under the Plan, (f) any non-Debtor party to an executory contract or unexpired lease with the Debtors, (g) any Person or Entity making an appearance in the Cases or any other party-in-interest in these Cases, and (h) each of the foregoing's respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, professionals and other advisors, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity.  Notwithstanding the foregoing, as set forth in section 1141(d)(3), nothing in this Order shall effectuate a discharge of either of the Debtors.

30.    Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), upon entry of this Confirmation Order, the Debtors shall serve on all known holders of Claims and Interests, all parties who have entered their appearance in this case and requested notice pursuant to Bankruptcy Rule 2002 and the Office of the United States Trustee, notice of the entry of this Confirmation Order no later than ten (10) days after the Effective Date of the Plan.

31.    The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Section 4.2 of the Plan.

Dated: July 10 , 2015
      Wilmington, Delaware

                                                The Honorable Mary F. Walrath
                                                United States Bankruptcy Judge